**Hortencia BOHEN, Plaintiff,**

v.

**CITY OF EAST CHICAGO, et al., Defendants.**

**Civ. No. H–83–0484.**

United States District Court,
N.D. Indiana, Hammond Division.

Aug. 5, 1987.

Ivan E. Bodensteiner, Linda D. Moskowitz, Valparaiso, Ind., for plaintiff.

Anthony DeBonis, Jr., Smith & DeBonis, East Chicago, Ind., for defendants.

## OPINION

EASTERBROOK, Circuit Judge.*

An opinion filed April 8, 1987, awarded Bohen more than $29,000 in damages and invited her lawyers to apply for attorneys' fees under 42 U.S.C. § 1988. Counsel filed an application seeking more than $38,000 in fees. This represented about 350 hours of legal work at rates of $100 and $125 per hour, plus $1,400 to reimburse Bohen for a retainer paid to her first attorney, who withdrew from the representation before discovery began in earnest. The City opposed this request in part. I held a hearing on August 3, 1987, at which both sides were invited to present any evidence they chose about the reasonableness of the hours and rates requested.

1. Bohen's lawyers pursued two principal theories: that Bohen had been harassed during her employment on account of her sex, and that she had been fired on account of her sex and race. The two claims would have led to distinct recoveries: the former to compensation for medical expenses and mental distress, the latter to back pay and reinstatement. I found the facts in Bohen's favor on the harassment claim but concluded that neither § 1983 nor Title VII supplied a remedy; I found the facts in the City's favor on the discharge claim. 622

* Of the Seventh Circuit, sitting by designation.

F.Supp. 1234 (N.D.Ind.1985). The court of appeals affirmed the discharge aspect of the case and agreed with my conclusion that Title VII does not supply a remedy for mental distress, but it reversed my decision on the § 1983 claim. 799 F.2d 1180 (7th Cir.1986). That partial success makes it necessary to adjust the attorneys' fee.

■■■ An attorney who prevails only in part is not entitled to compensation for all hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Counsel may pursue multiple legal theories in support of a single claim for relief without needing to win on each legal theory; but when a party pursues separate claims for relief, each must be assessed separately. *Lenard v. Argento,* 808 F.2d 1242, 1245–46 (7th Cir. 1987); *Spanish Action Committee v. City of Chicago,* 811 F.2d 1129, 1133–34 (7th Cir.1987); *Lightfoot v. Walker,* 826 F.2d 516, (7th Cir.1987). The harassment and discharge contentions were separate claims for relief, not separate theories in support of a single claim. Bohen did not recover back pay or obtain reinstatement, so the fees must be limited accordingly.

■■■ The award should compensate counsel for all the hours reasonably spent pursuing the harassment claim. That means the amount of time counsel would have spent had they pursued only the harassment claim from the beginning. Unfortunately, it is not possible to construct such a "what if?" result with precision. The Supreme Court recognized in *Hensley* that rough approximations, such as across-the-board reductions, may be necessary. 461 U.S. at 436–37, 103 S.Ct. at 1941. That is the only way to proceed here. The same witnesses dealt with both aspects of the case. The claimed harassment was extensive, so it would have been necessary to examine Bohen's whole period of employment even without the discharge claim. We know that pursuing the discharge claim took extra time—some parts of some witnesses' testimony were devoted exclusively to this claim—but it is very hard to say just how much.

Precision is impossible, but my best estimate is that Bohen's counsel would have expended about 90% of the time they did had there never been a discharge claim. My recollection is that no more than 10% of the time was spent exclusively on this subject, though more than that was spent on lines of questioning pertinent to both claims. From the City's perspective, however, the marginal time is all that matters. It wants to know what its legal bill would have been had there been no discharge claim. My best estimate is that it would have been 10% less.

2. The City suggests that the fee in this case should be set by reference to the contingent-fee contract Bohen signed with her lawyers, and therefore should not exceed $15,000. As the court of appeals said in *Kirchoff v. Flynn,* 786 F.2d 320, 328 (7th Cir.1986), however, "[t]he use of contingent fees is appropriate in cases that enforce old precedents and allow effective compensation as a percentage of the total recovery." Under *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), as under *Kirchoff* itself, a contingent-fee contract does not set an absolute limit on the size of the fee. And here the contingent fee is not a good starting point, either. The harassment claim was anything but an effort to "enforce old precedents". Bohen lost the case outright in this court. The court of appeals' reversal was the first (and still the only) appellate decision holding that an employer's failure to protect female employees from sexual harassment is unconstitutional and actionable under § 1983. The decision was not foreordained; the four judges who have considered the question in this case have had three different points of view. The precedent set by this case will be valuable to other employees of the City and governments throughout the Seventh Circuit. The value of the precedent is a legitimate factor in considering the time appropriately invested in the litigation, and therefore the appropriate compensation. *Alliance to End Repression v. City of Chicago,* 820 F.2d 873, 878 (7th Cir.1987). Governmental employers typically take precedential values into account when deciding how

vigorously to resist a claim; plaintiffs' counsel may do the same in response.

3. Both of plaintiff's lawyers have requested $100 per hour for their time; Mr. Bodensteiner has requested $125 for the portion of his time spent in court and on appeal. Neither Mr. Bodensteiner nor Ms. Moskowitz has a private practice with paying clients, so it is not possible to apply a market test directly. But I am familiar with the market for legal services in Northern Indiana and believe that $100 per hour for the quality of service rendered in this case is a reasonable rate. Other judges in this district have awarded Mr. Bodensteiner fees between $95 and $115 per hour. The current request, modest beside the rates of senior associates at large law firms, is similarly appropriate.

The enhancement for in-court work is appropriate as well. Many lawyers in the private market bill by the value of the work. Work in court and writing briefs makes use of the lawyer's highest skills— insight, organization, and so on. A few hours in court or over a brief can turn a case around in a way a few days in a deposition or poring over papers is unlikely to do. Private firms and their paying clients commonly recognize this; some lawyers charge double their usual rates for time spent in court or organizing briefs. The modest 25% enhancement, for Mr. Bodensteiner alone, is appropriate.

In approving the fees counsel have requested, I take into account the fact that most of the work was performed in 1985 in a very risky case. Counsel have not sought explicit compensation for risk or for the time value of money, and they have not sought a quality enhancement. Cf. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, —— U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), in which five Justices recognized the propriety of risk, delay, and quality adjustments. Counsel in this case have sought only their hourly rates for the number of hours expended. Since those rates are reasonable, they are entitled to every penny.

4. The City does not contest any particular billing by plaintiffs but says that there were duplicative and unnecessary efforts and that counsel should not have billed travel time. I do not accept these contentions.

a. The duplication is that both lawyers attended some depositions and the trial. Use of more than one lawyer is common in legal practice. Consultation among lawyers ensures that they do not overlook significant facts or inquiries. The City itself hired and paid two lawyers to handle many parts of this proceeding; this market test suggests the propriety of plaintiff's lawyers proceeding similarly. Two lawyers are the minimum in much private litigation. In this case, with great personal animosity between the plaintiff and the defendants (and defense witnesses), the presence of two lawyers at depositions may have been a practical necessity. Both lawyers participated actively, and I find that it was reasonable to staff this case the way counsel did.

b. The City objects to paying for travel time at regular rates. Travel time is an opportunity cost; while traveling, counsel cannot work on something else. Counsel did not travel far to any proceedings in this case, so the times here are not large; and during some trips counsel shared a car to discuss the case. Again the private bar customarily bills for, and clients pay for, travel time at ordinary rates. Opportunity-cost billing is the norm in private practice, and therefore applies here as well. It is true that a lawyer is not as "productive" while traveling as at other times, but hourly rates reflect average productivity for the practice. It would be pointless to bill travel at $50 per hour and other time at $103 per hour. Just as the hourly rate covers the cost of secretarial assistance and supplies, so it covers some times that are less productive than usual (and others that are slightly more).

I am aware that this seems to conflict with my ruling above that in-court time may be compensated at a higher rate, but again this reflects a widespread difference in the private market for legal services,

and the court's task under § 1988 is to track the market value of services as closely as possible. The ratio of in-court to other time is more variable than travel times for local counsel, which may account for the adjustment through dual rates.

c. Counsel engaged one expert witness who was not called, and discussed the case with several others. The City objects to compensating counsel for this time, which in retrospect was unnecessary. Counsel may track down leads that do not pan out, however; this is an essential function of lawyers. Blind alleys are an ordinary part of litigation, as are standby witnesses. The retrospective view is the wrong one. These hours are ordinary inputs into winning cases and are fully compensable.

d. After the 10% reduction, counsel seek compensation for about 315 hours. This is more than counsel for the City invested in the case, but not substantially more. The City's lawyer estimates total billings of between 200 and 300 hours. It is a reasonable expenditure of time for pretrial work, a three-day trial, an appeal, damages proceedings on remand, and preparation of the request for fees. This was a difficult case in light of the unsettled nature of the precedents and the sharp conflict in testimony. Legal time of less than eight weeks' work is a satisfactory investment.

█ 5. Counsel have sought to recover, for Bohen's benefit, the $1,400 retainer paid to Mr. Tesanovich, who represented Bohen for about a year before withdrawing. Tesanovich has not sought fees on his own behalf. Counsel offer only a sketchy picture of what Tesanovich did for his $1,400: they entered the case later, and Bohen, who has fired Mr. Bodensteiner and Ms. Moskowitz, has supplied little additional information. All counsel agree, however, that Mr. Tesanovich filed pleadings, initiated a little discovery, and attended a pretrial conference. I do not have the information on which to evaluate the claim for $1,400, but Tesanovich obviously supplied some work of value—which Bodensteiner and Moskowitz would have had to duplicate at $100 per hour had they not received the benefit of that work. I cannot deny the claim entirely, but neither can I grant it in full. I shall be Solomonic: Bohen recovers $700 of the fee.

———

To sum up: Bohen's lawyers are entitled to 90% of everything they claim, for a total of $33,054.75. Bohen personally is entitled to $700 in compensation for a retainer previously paid to Tesanovich. Bohen also is entitled to compensatory damages of $25,000 for mental distress and $4,150 for medical expenses. Bohen has not sought prejudgment interest on the award of medical expenses.

The Clerk shall enter judgment in favor of Bohen, and against the City of East Chicago and its Fire Department, in the amount of $29,850, plus post-judgment interest at the legal rate.

The Clerk shall enter judgment in favor of Mr. Bodensteiner and Ms. Moskowitz, and against the City of East Chicago and its Fire Department, in the amount of $33,054.75, together with post-judgment interest at the legal rate.

The Clerk shall enter judgment in favor of defendants Ard, Dawson, and Jancek on all claims. Bohen shall take nothing by her suit against them.

This judgment, when entered, will be final and appealable. Bohen should recognize that she has 30 days from the entry of this judgment to pursue an appeal, if she should be so advised in light of my earlier orders discussing the claims she proposes to raise and the possible consequences of frivolous litigation.