Mary MERCER, et al., Plaintiffs,

v.

Mike ESPY, et al., Defendants.

No. S89–243.

United States District Court,
N.D. Indiana,
South Bend Division.

March 24, 1995.

Harolyn A. Dutt, Lowell Kent Hull, Legal Services Program of Northern Indiana, South Bend, IN, and Greta S. Friedman, Yandt and Friedman, LaPorte, IN, for plaintiffs.

Clifford D. Johnson, Office of the U.S. Atty., South Bend, IN, and Clifford D. Johnson, and Pamela Carter, Indiana Attys. Gen., Indianapolis, IN, for defendants.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

#### I. Procedural History

Plaintiffs filed their complaint in this case under 42 U.S.C. § 1983 in 1989 contesting an

Indiana program which intercepted the tax refunds of persons who had been overpaid food stamps. In 1993, this court granted plaintiffs' motion for partial summary judgment, on the grounds that the notices were unlawful and that the program violated due process. After the court entered a final judgment in August, 1993, the state Defendants appealed. The United States Court of Appeals for the Seventh Circuit reversed this court, holding that the program did not violate due process and that the state was not required to return the refund which had been intercepted. *Mercer v. Espy,* 40 F.3d 893 (7th Cir.1994). On remand, this court ordered that judgment be entered for the plaintiffs on their first, second, third, and fifth claims, that judgment be entered for the defendants on the fourth and sixth claims, and that the seventh, eighth and ninth claims be dismissed without prejudice. Plaintiffs have now renewed their motion for attorneys' fees under 42 U.S.C. § 1988.

## II. Facts

Plaintiff's Amended Complaint alleged a violation of 42 U.S.C. § 1983, contained nine claims and requested nine forms of relief. Claim 1 asserted that the defendants had violated the Food Stamp Act in implementing the tax intercept program because the notices sent failed to advise the plaintiffs of their options to reduce the amount of food stamps received. The second claim stated that the defendants violated the Food Stamp Act in that the notices sent failed to advise plaintiffs of the differences between various types of claims and the implications of each claim in arranging for repayment. Claim 3 alleged that defendants violated the Food Stamp Act in that it provides no authority for tax referred interception. Claim 4 maintained that the tax referred intercept program violated the due process clauses of the Fifth and Fourteenth Amendments to the Constitution in that it constituted a taking of property without prior hearing. The fifth claim asserted that the notices used by the defendants violated the due process clauses and equal protection clauses of the Fifth and Fourteenth Amendments because the notices failed to adequately inform plaintiffs of their rights under the Food Stamp Act. Claim 6 stated that Defendant Magnant, who was the administrator of the Indiana Department of Public Welfare, violated the due process and equal protection clauses of the Fourteenth Amendment by her failure to issue clear instructions to the department staff on implementation of the tax intercept program. Claim 7 alleged that Defendant Magnant violated the due process and equal protection clauses by her failure to publish department policy on the tax interception program. The eighth claim maintained that Defendant Magnant had violated 7 C.F.R. 273.18(b), and the ninth claim asserted that Defendant Magnant had violated 7 C.F.R. 273.18(e)(1)(ii). Plaintiffs requested that the court find the action should proceed as a class action, that the court issue a preliminary and permanent injunction against defendants enjoining them from enforcing the tax intercept program, that the court enter a declaratory judgment finding the tax intercept program in violation of the United States Constitution and the Food Stamp Act, that the court issue a writ of mandamus to the defendant United States Secretary of Agriculture requiring him to implement the Food Stamp program in Indiana in compliance with statutory, regulatory and Constitutional requirements, that the court direct the defendants to develop new forms and notices, that the court require the defendants to issue notice to the plaintiffs explaining the relief ordered by the court, that the court require the defendants to provide retroactive compensatory relief to the plaintiffs, that the court award the plaintiffs attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as the court deemed appropriate.

In response to the plaintiffs' complaint, the defendants voluntarily developed new forms and notices in relation to the tax intercept program. This court issued a preliminary injunction against the tax intercept program in 1990 and granted conditional class action status in 1991. Additionally, this court granted partial summary judgment to the plaintiffs in 1993, holding that the notices were unlawful, that the tax interception program violated due process, and that the state should return the intercepted refunds. As stated above, the Seventh Circuit reversed the summary judgment as to the due process

and return of refund issues. On remand this court entered judgment for plaintiffs on the notice issues and entered judgment for defendant on the due process issues of the interception program itself. This court dismissed the seventh, eighth, and ninth claims on plaintiffs' motion. Because the defendants had already amended the forms and notices, this court did not grant any declaratory relief. As noted, the Seventh Circuit held that retroactive compensation was inappropriate.

### III. Analysis

■ To award attorney's fees for actions under 42 U.S.C. § 1988, the plaintiff must be a "prevailing party." In *Farrar v. Hobby*, — U.S. —, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Supreme Court held that to "qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought (citations omitted), or comparable relief through a consent decree or settlement." — U.S. at —, 113 S.Ct. at 573. The Seventh Circuit has determined that a plaintiff who has obtained relief through defendant's voluntary action is still a "prevailing party" for purposes of 42 U.S.C. § 1988. *Zinn by Blankenship v. Shalala*, 35 F.3d 273 (7th Cir.1994). Thus, although the only relief obtained by plaintiffs in this case was the voluntary change in the form by defendants, that action is sufficient to deem plaintiffs as prevailing parties in this litigation.

■ Having determined that the plaintiffs are prevailing parties, this court must determine the reasonable attorney's fees. This decision is entrusted to the court's sound discretion. *Johnson v. Lafayette Fire Fighters' Ass'n*, 857 F.Supp. 1292, 1298 (N.D.Ind. 1994). Likewise, the determination as to whether the fees should be reduced by some percentage in relation to plaintiffs' success in this lawsuit is also within this court's discretion. *Id.* An attorney "who prevails only in part is not entitled to compensation for all hours expended in the litigation." *Bohen v. City of East Chicago*, 666 F.Supp. 154, 156 (N.D.Ind.1987) (citing *Hensley v. Eckerhart*,

461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■ This court will decide the easier question first and determine the fee rate which will apply. Plaintiffs initially requested $150.00 per hour as a fee, based upon the fees awarded to various legal services attorneys in Indianapolis and other attorney's fees awarded in the South Bend area. Defendants requested that this court lower the hourly rate to $135.00 per hour, based on the lower average fees which this court has awarded and the amount which the Attorney General's office would pay to local counsel in South Bend. Plaintiffs have responded by suggesting a compromise hourly rate of $140.00, and based upon plaintiffs' counsel's years of practice and scholarship, this court finds that $140.00 per hour is a reasonable rate.

■ Now to the trickier question of the number of hours for which fees should be awarded. Plaintiffs detailed 24.5 hours spent in the preparation of the initial pleadings. As the complaint was at best 50% successful, the court reduces that number to 12. For their other actions taken in 1989, plaintiffs show 12.3 hours spent. As it appears much of that time was spent working on the state defendants' Eleventh Amendment defense, the court will order fees for 6 hours of that effort. Plaintiffs show a total of 48 hours spent on action taken in 1990. Because much of that time was spent on a complaint in intervention, a motion for summary judgment on the Eleventh Amendment issue, and in notifying Area Agencies on Aging regarding the preliminary injunction, the court reduces the number of hours for activities in 1990 to 20. Plaintiffs request fees for 5.3 hours of labor in 1991, which defendants do not dispute. Thus, the court will award fees for 5.3 hours in 1991. In 1992, plaintiffs detail 41 hours of work, most of which is in relation to the partial summary judgment motion, on which plaintiffs were primarily unsuccessful at the Court of Appeals. Thus, the court will only award fees for 20 hours of labor in 1992. Plaintiffs show a total of 21.65 hours spent on activities in 1993, some of which was spent on a memorandum discussing the scope of relief. As plaintiffs did not

achieve the relief sought, the court will only award fees for 15 hours for 1993. In 1994, plaintiffs detail 8.15 hours of labor. As some of that time is spent on issues which are not directly related to this litigation, only 4 hours will be compensated by this court's order. Plaintiffs request compensation for 3.75 hours spent on discovery submitted to the state defendants which the defendants do not contest. Thus, they will be awarded fees for those 3.75 hours. Plaintiffs request compensation for 2.83 hours spent on discovery regarding attorneys fees, which the defendants do not contest. Thus, they will be awarded fees for those 2.83 hours. Plaintiffs detail a total of 47.65 hours for work performed for the individual class members. This court finds that none of this work is compensable, and thus will award no fees for this activity. Plaintiffs request fees for 6 hours spent preparing the attorneys fees affidavit, which the defendants do not contest. Thus, this court will award fees for those 6 hours. In their supplemental affidavit, plaintiffs request fees for 13.9 hours spent mostly in preparing the memorandum of law which this court requested after the Seventh Circuit's decision. Because this court requested the effort, it will award fees for the entire 13.9 hours. Thus, this court will award fees for a total of 108.78 hours of labor provided by plaintiffs' counsel in this action. At the hourly rate of $140.00 per hour, the fee award totals $15,229.20.

## IV. Conclusion

This court finds the plaintiffs to be prevailing parties and thus awards plaintiffs' reasonable fees in the amount of $15,229.20. Apparently no costs were expended in this litigation and thus none will be awarded.

**IT IS SO ORDERED.**