**In re John A. MAURICE, Debtor.**

**Bankruptcy No. 93 B 23478.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 23, 1995.

---

Debbie D. Stassen, Office of Craig Phelps, Chapter 13 Trustee, Chicago, IL.

Gerald M. Hunter, Oglesby, IL.

John A. Maurice, Peru, IL.

Kenneth A. Kozel, LaSalle, IL., pro se.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Kenneth A. Kozel ("Kozel") to modify an order entered by this Court on January 12, 1994 (the "January 12th Order"). For the reasons set forth below, the Court hereby denies the motion.

## I. FACTS AND BACKGROUND

On January 12, 1994, the Court issued a Memorandum Opinion and Order which held, *inter alia,* that the instant bankruptcy case was filed in bad faith because it was intended to delay state court collection actions by a creditor. *See In re Maurice,* 167 B.R. 114, 125 (Bankr.N.D.Ill.1994). The Court sanctioned the debtor, John A Maurice (the "Debtor"), by dismissing the case with prejudice. *Id.* at 124. Kozel, the attorney representing the Debtor, was sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011 for a variety of reasons: (1) he failed to file a Chapter 13 plan and related papers for the Debtor in the instant bankruptcy case; (2) he violated several of the Standards of Professional Conduct within the Seventh Federal Judicial Circuit; (3) his pleadings filed in the bankruptcy case showed discourtesy to opposing counsel and parties by making disparaging personal remarks and displaying acrimony; (4) in this case, as in prior cases, he made unfounded and unsupported motions to disqualify the Court in every matter subsequent to the first adverse ruling the Court made; and (5) his pleadings and other papers filed with the Court contained irrelevant and immaterial points, and his arguments were undeveloped and lacked appropriate citations to controlling authorities. *Id.* at 126–28. The sanction that the Court imposed on Kozel was clear—Kozel was ordered to attend and complete sixteen hours of continuing legal education in the area of bankruptcy and eight hours of continuing legal education in the area of legal ethics within twelve months of the date of the Memorandum Opinion and Order. *Id.* at 128. To date, Kozel has failed to comply with any portion of the Court's sanction.

On May 17, 1994, Kozel filed a notice of appeal. (94 CV 3058). On August 3, 1994, the District Court subsequently dismissed the appeal. Review of the District Court docket shows that Kozel orally moved to have the August 3, 1994 order dismissing the appeal vacated. On September 8, 1994 that oral motion was denied. Thereafter, on September 22, 1994, the District Court denied Kozel's written motion to alter or amend the judgment. Kozel's motion for reconsidera-

tion was denied on October 17, 1994. On October 24, 1994, Kozel filed a notice of appeal with the Seventh Circuit Court of Appeals. (94–3590). Review of the Circuit Court docket shows that the matter is pending before it, has been briefed, in part, and awaits scheduling of oral arguments and decision by the court.

On March 7, 1995, over one year after the entry of the January 12th Order, and while an appeal of the January 12th Order pends before the Seventh Circuit, Kozel filed the motion at bar asking the Court for "guidance" and to modify the January 12th Order. Kozel indicates in the motion that he has never received notification from the Court of any preapproved courses of which he was required to attend. Kozel then attempts to offer perceived justifications for his noncompliance. He explains that he practices law in LaSalle, Illinois (over one hundred miles away from Chicago), and that continuing legal education courses are no longer transmitted by monitor to LaSalle County. He further states that he is unaware of any courses being offered in that area, and that he no longer receives literature in the mail regarding continuing legal education courses.

## II. DISCUSSION

■ "[O]nly one tribunal handles a case at a time." *Apostol v. Gallion,* 870 F.2d 1335, 1337 (7th Cir.1989). It is a well established rule that a properly filed notice of appeal immediately acts to transfer jurisdiction from the trial court to the court of appeals with regard to any matters involved in the appeal and divests the lower court of jurisdiction to proceed further with such matters. *See Trustees of the Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.,* 935 F.2d 114, 119–120 (7th Cir.1991); *Roe v. Town of Highland,* 909 F.2d 1097, 1100 (7th Cir.1990). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). "Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between forums." *Apostol,* 870 F.2d at 1337.

■ When Kozel timely filed a notice of appeal before the Seventh Circuit Court of Appeals, which included appealing from the District Court's dismissal of his appeal in that court, which was the appeal from the January 12th Order wherein the Court sanctioned Kozel by requiring him to enroll in continuing legal education courses, this Court remained divested of any jurisdiction to modify its January 12th Order or to offer Kozel "guidance" with respect to same. Kozel's pending motion before this Court makes no mention of the concurrent impending appeal before the Seventh Circuit and its status. This Court, through its own research, and without any indication from Kozel in the motion at bar of the existence of the appeal, discovered the pending appeal in the Seventh Circuit. Kozel's failure to so inform this Court of same speaks volumes· about the practical necessity and appropriateness of the sanction in the January 12th Order now the subject of appeal before the Seventh Circuit. If the pending motion was filed in ignorance of the above fundamental principles of bankruptcy appellate practice, perhaps the sanction, if belatedly followed, will aid in solving Kozel's real problem. If the pending motion was knowingly filed for some other improper reason, the Seventh Circuit can provide the appropriate remedy. This Court, however, cannot further sanction Kozel at this time, nor can it modify the January 12th Order or offer Kozel "guidance" regarding same.

## III. CONCLUSION

For the foregoing reasons, the Court hereby denies the motion.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### ORDER

For the reasons set forth in a Memorandum Opinion dated the 23rd day of March, 1995, the Court hereby denies the motion of Kenneth A. Kozel to modify an order entered by the Court on January 12, 1994.