**In the Matter of John A. MAURICE, Debtor.**

**Appeal of Kenneth A. KOZEL.**

**No. 94–3590.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 5, 1995.

Decided Nov. 7, 1995.

See also, 21 F.3d 767.

Kenneth A. Kozel (argued), LaSalle, IL, pro se.

Gerald M. Hunter (argued), Oglesby, IL, for John F. Dornik.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Attorney Kenneth Kozel entered this court's consciousness five years ago, when we affirmed his conviction for contempt of court. *United States v. Kozel*, 908 F.2d 205 (7th Cir.1990). His most recent appearance arose from a sanction in a bankruptcy proceeding. Our court remarked: "We have reviewed Kenneth A. Kozel's various filings with the district court, which included, among other things, nonsensical arguments unsupported by caselaw, and which contained repeated vituperative personal attacks on the court and the court's staff. In light of this egregious misconduct, we believe that the district court acted with remarkable restraint in imposing sanctions of only $1,000." *In re Betts*, 51 F.3d 275 (7th Cir.1995). Today we have still another appeal from an award of sanctions, an appeal marked by the same kind of personal attacks and the same disregard of the law.

Kozel represented John Maurice, a debtor in bankruptcy. Last year we held that Maurice's principal debt is not dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), because it is attributable to Maurice's fraud. *In re Maurice*, 21 F.3d 767 (7th Cir.1994). Along the way we affirmed an award of sanctions for misconduct in the litigation: Kozel had appeared on the trial date without his client and refused to proceed, asserting that the trial could not be held because a pretrial order had been vacated by another judge. Bankruptcy Judge Squires found that this representation was factually false and legally irrelevant. 138 B.R. 890, 893 (Bankr.N.D.Ill.1992). While appeals were pending, Kozel filed another bankruptcy proceeding on behalf of Maurice, this time under Chapter 13 of the Bankruptcy Code. John F. Dornik, the victim of Maurice's fraud, protested that the additional filing was a shameless maneuver to weasel out of a just debt. Judge Squires agreed and dismissed the action not only because it had been commenced in bad faith but also because Maurice had not filed a payment plan within the time required by 11 U.S.C. § 1321, adding sanctions for Kozel's shenanigans:

Kozel, the attorney representing the Debtor, was sanctioned pursuant to Federal

Rule of Bankruptcy Procedure 9011 for a variety of reasons: (1) he failed to file a Chapter 13 plan and related papers for the Debtor in the instant bankruptcy case; (2) he violated several of the Standards of Professional Conduct within the Seventh Federal Judicial Circuit; (3) his pleadings filed in the bankruptcy case showed discourtesy to opposing counsel and parties by making disparaging personal remarks and displaying acrimony; (4) in this case, as in prior cases, he made unfounded and unsupported motions to disqualify the Court in every matter subsequent to the first adverse ruling the Court made; and (5) his pleadings and other papers filed with the Court contained irrelevant and immaterial points, and his arguments were undeveloped and lacked appropriate citations to controlling authorities.

*In re Maurice,* 179 B.R. 881, 882 (Bankr. N.D.Ill.1995), summarizing the conclusions in *In re Maurice,* 167 B.R. 114, 126–28 (Bankr. N.D.Ill.1994). Judge Squires directed Kozel to complete 16 hours of continuing legal education in the area of bankruptcy and 8 hours in the field of legal ethics. The court entered this order on January 12, 1994, and gave Kozel one year to fulfil its requirements. 167 B.R. at 128. The judge denied an application for stay, see 167 B.R. 136 (Bankr.N.D.Ill.1994), but Kozel has yet to take a single hour of the required education. 179 B.R. at 882. We return below to the significance of this defiance.

Kozel filed an appeal to the district court from the order dismissing the Chapter 13 case, joined with an appeal from the sanctions under Fed.R.Bankr.P. 9011. Maurice wrote Kozel to protest, stating that he had not authorized the appeal and did not want to proceed further. He sent this letter by certified mail, because Kozel had not returned his phone calls. Kozel did not accept the certified mail. Unable to get his attorney's attention, Maurice sent Kozel a letter by regular mail instructing him to dismiss the appeal and discharging him from further representation in the case. Kozel did not follow this instruction; instead he filed a notice with the district court setting the case for a hearing and then withdrew as Maurice's lawyer. Maurice had to appear personally in court to dismiss his appeal.

 Kozel meanwhile was tending to his own business—ineffectually. With Maurice's appeal dismissed, Kozel was representing only himself. His brief was filed 54 days after an oft-extended deadline, and the district court dismissed his appeal for that reason. The judge also observed that the notice of appeal was untimely. The bankruptcy judge entered his order on January 12, 1994, but Kozel did not file a notice of appeal until April 13, 1994, well beyond the 10–day period prescribed by Fed.R.Bankr.P. 8002(a). Kozel asserted that he had made a timely motion for reconsideration, but the bankruptcy court's docket shows that the filing occurred on February 11, 1994, and therefore was untimely—for in bankruptcy cases the motion must be "filed" within 10 days, and not just "served," if it is to affect the time for appeal. Compare Fed.R.Bankr.P. 8015 with Fed.R.App.P. 4(a)(4). (On December 1, 1995, Appellate Rule 4(a)(4) will come into line with the Bankruptcy Rules' approach.) Despite the explicit statement to the contrary in Fed.R.Bankr.P. 8008(a), Kozel apparently thought that filing is complete on mailing. It is not; under Rule 8002(a) "[p]apers required or permitted to be filed with the clerk of the district court or the clerk of the bankruptcy appellate panel may be filed by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing". So Kozel's motion for rehearing was untimely, and the notice of appeal to the district court was jurisdictionally late. All of the bankruptcy judge's orders were outside the district judge's power of review, exactly as the judge held. Kozel's brief in this court ignores this jurisdictional problem; he presents a diatribe against Judge Squires' decision without attempting to show how we could reach this subject.

The best argument we could imagine—though not one Kozel makes—is that the motion mailed on January 22 actually reached the clerk on January 24 and should have been filed then. Under Fed.R.Bankr.P. 9006(a), weekends and holidays are excluded from the computation of time only when the

prescribed period is shorter than 8 days. This is still another difference between practice in the district courts and practice in bankruptcy courts. Contrast Fed.R.Civ.P. 6(a) (excluding weekends and holidays when prescribed period is less than 11 days). Thus the motion had to be on file by January 22, 1994. As it happens, however, January 22, 1994, was a Saturday, and Rule 9006(a) extends the time until the next Monday. So if the document actually reached the bankruptcy court's clerk on January 24, the time to appeal would have been tolled. But, as we have said, Kozel does not make this argument—and in any event the district court was entitled to reject the brief as untimely and then dismiss the appeal for want of prosecution, as it did. See *In re Scheri,* 51 F.3d 71, 74 (7th Cir.1995); *In re Pritzker,* 762 F.2d 532, 533 (7th Cir.1985).

■ Only one subject is properly before us on this appeal: the district judge's sanction against Kozel under 28 U.S.C. § 1927 for vexatiously multiplying the proceedings. Judge Leinenweber concluded that Kozel had no business filing an appeal on behalf of Maurice without receiving instructions from his client to do so, and should have dismissed the appeal immediately on being told that Maurice did not want to proceed. The district judge also concluded that Kozel departed from professional norms by failing to return his client's phone calls and by refusing to visit the post office to pick up certified mail. The filing of an unwarranted appeal, and its prolongation on the docket, justify a penalty under § 1927, the judge explained:

> Kozel's excuse for this delay is that he is too busy to pick up certified mail, and that he never received any message from Maurice on his answering machine. Kozel has no excuse, however, for the content of the letter he sent to Maurice acknowledging his termination, which can only be described as rude and highly unprofessional at best. More to the point, however, Kozel had a duty to communicate with his client and abide by his decision not to pursue an appeal. The right to appeal in this case was Maurice's, not Kozel's, regardless of how justified Kozel thinks it is. As the Second Circuit has stated: "When an ap-

peal is brought without the client's authorization and, in fact, as here, over the client's express statement that the appeal was without his permission, there can be no question that sanctions are appropriate." *Soliman v. Ebasco Services, Inc.,* 822 F.2d 320, 323 (2d Cir.1987).

See also *In re TCI Ltd.,* 769 F.2d 441 (7th Cir.1985). Instead of dismissing the appeal as instructed, Kozel noticed the case for a hearing in the district court and vamoosed. Maurice had to travel approximately 100 miles to attend the hearing, a pointless formality—for all that happened was that Maurice told the judge he wanted no more of these proceedings. Dornik's lawyer also had to attend, because he could not know in advance what would transpire. The district court ordered Kozel to pay $2,281.50 to Dornik's lawyer for the costs of traveling to Chicago, and of course for the value of the attorney's time diverted by this bootless exercise.

The arguments Kozel presents in opposition to this order include a claim that he is not bound by ethical rules and a stunning assertion that a lawyer who does not agree with his client's decisions may ignore them and summarily quit, leaving the litigant to fend for himself. See N.D.Ill. Rule RPC 1.16(d): "a lawyer shall not withdraw from employment until the lawyer has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel". Kozel asserts that lawyers need not accept certified mail from their clients, that despite § 1927, Fed.R.Civ.P. 11, Fed.R.Bankr.P. 9011, and their common-law powers, see *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), bankruptcy and district judges are powerless to penalize misbehaving attorneys, and so on. His arguments are too silly and too numerous to address individually. The only contention that merits even brief discussion is Kozel's assertion that a lawyer's travel time is not compensable under § 1927.

The statute authorizes a court to require an offending attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Kozel relies on *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir.1968), which remarks that "[a]ttorney's travel expenses for taking depositions are not taxable." Just so, if the question is whether travel expenses are "costs." In 1968, when we decided *Kiefel*, § 1927 authorized only cost-shifting. "Costs" is a technical term that courts are not authorized to enlarge. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). In response to *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757–63, 100 S.Ct. 2455, 2459–63, 65 L.Ed.2d 488 (1980), which held that § 1927 was limited to the "costs" defined in 28 U.S.C. § 1920, Congress amended § 1927 to cover expenses and attorneys' fees in addition to costs. Kozel ignores this amendment. Outlays for getting to Chicago and back are "expenses" whether or not they are "costs". See *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir.1994). Attorneys customarily charge their clients for time on an opportunity-cost basis. Statutes authorizing compensation for attorneys' fees therefore permit compensation for travel time. *In re Pine*, 705 F.2d 936, 938 (7th Cir.1983); *Bohen v. East Chicago*, 666 F.Supp. 154, 157 (N.D.Ind.1987); cf. *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir.1984). A trip to Chicago that diverts time from other paying engagements would justify Dornik's lawyer sending him a bill; and if Dornik must pay his own lawyer for time, then under § 1927 the court may shift these fees to the person whose misconduct caused them to be incurred. See *Woodfork v. Gavin*, 105 F.R.D. 100 (N.D.Miss.1985).

Although this completes our discussion of the contentions Kozel presented, this appeal—another tawdry episode in Kozel's long history of misconduct—raises substantial questions about whether he should remain in good standing at the bar. Judges have a duty to protect the public from lawyers who are unable or unwilling to defend them in litigation. *Lepucki v. Van Wormer*, 765 F.2d 86 (7th Cir.1985). Kozel's incompetence at protecting even his own interests suggests that he is a menace to his clients, and this case shows that in the process he heaps unwarranted costs on adversaries. We have decided to take three concrete steps:

1. This appeal appears to be frivolous, so we direct Kozel to show cause, if any he has, why sanctions should not be imposed under Fed.R.App.P. 38. His response is due in 15 days.

2. Kozel has not complied with the order of the bankruptcy court to take continuing legal education. His latest filing in the bankruptcy court on this subject was dismissed as misleading: he neglected to inform the judge that he had an appeal pending on the same subject. Judge Squires suggested that we impose additional sanctions for this delict. *In re Maurice*, 179 B.R. 881, 883 (Bankr.N.D.Ill.1995). Actually, there is a more serious problem. Failure to obey an order is contempt of court; and because the time for compliance has passed, the disobedience appears to be criminal contempt. Accordingly, we will send a copy of this opinion to the United States Attorney, to serve as a request to initiate a prosecution under 18 U.S.C. § 401. See *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). (If a criminal prosecution is initiated, the members of this panel will not participate in any ensuing appellate proceedings.)

3. At oral argument counsel for Dornik informed us that Kozel has neither paid the $2,281.50 nor posted a supersedeas bond, and that Kozel is resisting collection efforts on the ground that state process cannot be used to enforce federal judgments. It is intolerable for a member of this court's bar to thumb his nose at the judicial system in this manner. We have held that even pro se litigants who fail to pay sanctions forfeit their ability to continue litigating. *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995). Lawyers must be held to higher standards. For example, we implied in *Mack* that indigence might justify withholding a door-closing order. Such an excuse is unavailable to counsel—especially to

one too busy to file timely briefs or pick up his mail. (Actually Kozel has not argued that he is unable to pay the award.) A lawyer who is unwilling, or unable, to pay accumulated sanctions must desist from practice until he can follow the court's orders. One who acts as counsel in federal court undertakes to obey the court's decisions. When sanctions lose their power, for any reason, other remedies must be used.

Kozel has 15 days to show cause why he should not be suspended or disbarred. See Fed.R.App.P. 46(b), (c). Within this time, Kozel also must provide a list of all monetary sanctions imposed against him by any federal court, together with a statement of the amounts paid on these awards, and the dates when they were paid. Unless all awards have been paid in full, we will enter an order under *Mack* forbidding Kozel to file any legal document—as attorney or on his own behalf—in any court within this circuit until all sums have been paid.

AFFIRMED; ORDERS TO SHOW CAUSE ISSUED.