**CLEVELAND HAIR CLINIC, INC., Plaintiff–Appellee,**

v.

**Carlos J. PUIG, Puig Medical Group, S.C., and Rodney Haenschen, Defendants.**

**Appeal of Michael L. TINAGLIA and DiMonte, Schostok & Lizak.**

**No. 96–3976.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 1996.

Decided Jan. 9, 1997.

Rehearing Denied Feb. 3, 1997.

---

Alan S. Rutkoff (submitted), Gary L. Prior, Corey Rubenstein, McDermott, Will & Emery, Chicago, IL, for plaintiff–appellee.

Juris Kins, Thomas L. Brejcha, Jr., Abramson & Fox, Chicago, IL, Stephen Schostok, William M. Dunn, Dimonte, Schostok & Lizak, Park Ridge, IL, Thomas F. Ging, Hinshaw & Culbertson, Chicago, IL, for defendants.

Jerome H. Torshen, Zoran Dragutinovich, Torshen, Spreyer & Garmisa, Chicago, IL, for appellants.

Before BAUER, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

After concluding that defendants and their lawyer Michael Tinaglia engaged in sanctionable misconduct in this ongoing litigation, the district judge directed counsel to confer on the size of the attorneys' fees attributable to the misbehavior. Tinaglia refused to participate; remaining counsel agreed that Cleveland Hair Clinic, the plaintiff, was out of pocket at least $174,121. The district judge declared defendants and Tinaglia jointly and severally liable for this sum, which he ordered paid forthwith while he considered plaintiff's claim that it should receive a further $66,000 in sanctions. Defendants have paid more than $75,000, leaving Tinaglia and his law firm responsible for the rest. When the district court threatened stern measures if payment was not forthcoming, Tinaglia and his law firm filed a notice of appeal and asked us for a stay, which we issued, conditioned on the filing of a supersedeas bond. Our order remarked that Fed.R.Civ.P. 62(d) affords this protection while an appeal is pending. Plaintiff now asks us to dissolve the stay.

Cleveland Hair Clinic first contends that the automatic-stay provision of Rule 62(d) applies only to appeals from final judgments. This is an odd contention, for the word "judgment" does not appear in the rule:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

None of the exceptions in subdivision (a) applies: this order does not involve an injunction, a receivership, or a patent accounting. No other statute precludes entry of a stay. Contrast *Robbins v. Pepsi–Cola Metropolitan Bottling Co.*, 800 F.2d 641 (7th Cir.1986) (interim payment orders under ERISA's multi-employer plan provisions cannot be stayed by posting a supersedeas bond).

A final decision appealable under 28 U.S.C. § 1291 may be stayed under Rule 62(d) even though the "decision" is not necessarily a "judgment." Although Rule 62(a) does contain the word "judgment," as does the Rule's caption, that word's function is to defer execution rather than to limit the use of supersedeas bonds: "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." All of this fits together nicely. Execution is delayed automatically so that the loser has time to post a bond, but if for some reason an appealable order to pay money is not technically a judgment—if, for example, an interlocutory order is appealable under the "collateral order doctrine" of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)—then a stay is available. We cannot imagine any reason why a party's ability to obtain a stay by posting a bond should depend on entry of the final judgment, rather than entry of an appealable order requiring payment. In either case, the bond ensures that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.

But is this decision appealable? It is not a final judgment; it does not even finally set the amount payable as a sanction. An order that neither ends the litigation nor quantifies the sum due for misconduct is a considerable distance from the paradigm of a final decision. Although awards of attorneys' fees are appealable independently of the merits, see *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the district court did not make such an award; it directed defendants and Tinaglia to pay sanctions under 28 U.S.C. § 1927 measured by the plaintiff's fees and costs, and the measuring rod does not change the nature of the order. Cf. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

Tinaglia relies principally on *Frazier v. Cast*, 771 F.2d 259 (7th Cir.1985), which holds that an attorney no longer involved in the litigation may appeal immediately from an award of sanctions, because he will not be able to appeal from the order terminating the litigation on the merits. See also *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223 (7th Cir.1984). Tinaglia, who has withdrawn as defendants' counsel, wants to take advantage of *Frazier*, which, although questioned and disapproved in other circuits, e.g., *G.J.B. & Associates, Inc. v. Singleton*, 913 F.2d 824, 827–29 (10th Cir.1990), remains the law of this one. Of course Tinaglia's full obligation remains to be determined, and *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), holds that a decision conclusively establishing liability cannot be appealed until all questions about the amount of damages have been resolved. This leads Tinaglia to invoke *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 826–27 (7th Cir.1984), which holds that appeals of attorneys' fee awards sometimes may precede quantification, when the litigation has been completed and attorneys' fees issues are presented pendent to the appeal from that final judgment. *Bittner*, like *Frazier*, has not played to universal acclaim—see *Cooper v. Salomon Brothers, Inc.*, 1 F.3d 82, 85 (2d Cir.1993) (declining to follow *Bittner*)—but represents the law of this court still. Neither *Frazier* nor *Bittner* is directly on point, so Tinaglia asks us to put them together and to conclude that § 1291 permits an appeal by an ex-attorney from a non-final award of sanctions the size of which remains to be determined.

*Frazier* and *Bittner* individually permit many appeals from non-final orders. Combining them would produce a substantial, and unjustified, erosion of the final-decision requirement. It could readily yield three appeals, perhaps more: one to determine whether defendants and Tinaglia committed sanctionable misconduct; a second to determine whether the district judge properly set the amount of the sanction; then a third to address the merits, which overlap the issues pertinent to sanctions. Multiplication of appeals would delay final adjudication and in-

crease the expense of getting there, without producing material benefits.

Indeed, the argument for immediate appeal is weaker than it was in either *Frazier* or *Bittner*. In *Frazier* the amount of the sanction had been set, activating *Cohen*'s collateral-order doctrine: the dispute had been "conclusively" resolved, was "completely separate from the merits of the action," and (because the lawyer was no longer participating in the case) was "effectively unreviewable on appeal from a final decision." *Quackenbush v. Allstate Insurance Co.,* — U.S. —, — – —, 116 S.Ct. 1712, 1718–19, 135 L.Ed.2d 1 (1996) (quoting from several prior decisions). Tinaglia's dispute with Cleveland Hair Clinic has not been conclusively resolved, for the amount of his obligation remains to be determined, and, because the defendants are jointly and severally liable with Tinaglia, all questions about sanctions can be resolved on appeal from the final decision. *Frazier* reserved the question whether a litigant's joint liability with counsel would take the sanctions order outside *Cohen,* see 771 F.2d at 262 n. 1. We hold that it does. A disgruntled attorney will be able to present the sanctions issue on appeal from the final decision, even if the sanctioned litigant chooses not to, because an appeal at the end of the case brings up all interlocutory orders. E.g., *Reise v. Board of Regents of University of Wisconsin System,* 957 F.2d 293, 295 (7th Cir.1992). As for *Bittner*: pendent appellate jurisdiction cannot be used when there is no appeal from a final decision to which the appeal from an interlocutory order might be appended. What is more, after *Bittner* the Supreme Court curtailed the doctrine of pendent appellate jurisdiction. *Swint v. Chambers County Commission,* — U.S. —, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995); cf. *In re Rimsat, Ltd.,* 98 F.3d 956, 964–65 (7th Cir.1996). Thus *Frazier* and *Bittner* singly or jointly do not support this appeal.

A stronger argument for appellate jurisdiction might rest on *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), although appellants do not cite that case. *Forgay* sometimes is understood to mean that any order requiring immediate payment also is immediately appealable, just as if the district judge had entered a partial final judgment under Fed.R.Civ.P. 54(b). This court has not read *Forgay* that broadly; as we understand the *Forgay* doctrine, immediate appeal is proper only if there is reason to be concerned that payment would be irreversible, see *ODC Communications Corp. v. Wenruth Investments,* 826 F.2d 509, 513–16 (7th Cir.1987), because the prevailing party will be unable or unwilling to repay if the award is ultimately altered. *Palmer v. Chicago,* 806 F.2d 1316 (7th Cir.1986), therefore holds that an award of interim attorneys' fees to a class of prisoners is appealable, for the prospects of recoupment are dim; but *People Who Care v. Rockford Board of Education,* 921 F.2d 132 (7th Cir.1991), holds that an award of interim attorneys' fees to a law firm is not immediately appealable. See also *National Tax Credit Partners, L.P. v. Havlik,* 20 F.3d 705, 706 (7th Cir.1994); *Construction Industry Retirement Fund of Rockford v. Kasper Trucking, Inc.,* 10 F.3d 465, 468 (7th Cir.1993). Cleveland Hair Clinic is a solvent corporation, able to repay if it should be ordered to do so. Tinaglia also can look to the Hair Clinic's law firm (McDermott, Will & Emery), which has volunteered to ensure repayment should the sanctions order be reversed or reduced. There is accordingly little risk of irreparable harm if appellate review is deferred until the end of the case, and substantial risk that review now could lead to multiple appeals and undue delay.

The appeal is dismissed for want of jurisdiction, and the stay previously entered is dissolved.