**In re: Theophilus GREEN, Debtor.**

Massachusetts Casualty Insurance
Company, Plaintiff–Appellee,

v.

Theophilus Green, Defendant–
Appellant.

No. 00–3584.

United States Court of Appeals,
Seventh Circuit.

Submitted March 22, 2001.*

Decided March 22, 2001.

Before Hon. BAUER, Hon. WOOD, Jr.,
and Hon. POSNER, Circuit Judges.

ORDER

Theophilus Green appeals pro se the district court's dismissal of his appeal from the bankruptcy court's order granting summary judgment in favor of Massachusetts Casualty Insurance Company ("MCIC"). The bankruptcy court concluded that debts owed by Green to MCIC were nondischargeable under the Bankruptcy Code. One week after the bankruptcy court entered its order, Green tried to appeal by filing three documents: "Notice of Filing"; "Defendant's Motion for Leave to Appeal"; and "Defendant's Motion for Appeal: Oral Hearing Requested." The district court, however, concluded that these documents did not constitute a proper notice of appeal and dismissed his appeal for lack of subject matter jurisdiction.

Rule 8001(a) of the Federal Rules of Bankruptcy requires that a notice of appeal (1) "conform substantially to the appropriate Official Form," (2) contain the names of the parties, and the names, addresses and telephone numbers of the parties' counsel, and (3) be accompanied by the filing fee. Bankruptcy Rule 8002(a) requires that the notice be filed within ten days from the entry of judgment; failure to do so deprives the district court of subject matter jurisdiction. *See, e.g., In the Matter of Maurice,* 69 F.3d 830, 832 (7th Cir.1995). MCIC concedes that Green paid the filing fee and that he filed the three documents within 10 days of the bankruptcy court's decision, but nevertheless argues that his submissions did not

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

constitute a "notice of appeal." MCIC's contention, which was accepted by the district court, is not persuasive. Green's "Motion for Leave to Appeal," coupled with the "Notice of Filing," closely follow the Official Form, *see* 11 U .S.C. Official Bankr.Form 17, because they identify the order from which he appeals, name the parties to the dispute, and provide the name and address of MCIC's counsel. The only information missing from these documents is counsel's telephone number, but such an omission is trivial and does not divest the district court of subject matter jurisdiction. *See Smith v. Berry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (holding that the notice afforded by a document determines its sufficiency as a notice of appeal). Green's submissions contain the necessary information required by Rule 8001(a) and conform substantially to the Official Form provided in the rules to notify MCIC of his intent to appeal. *See Listenbee v. City of Milwaukee,* 976 F.2d 348, 350–51 (7th Cir.1992) (holding that the plaintiff's motion for extension of time to file appeal qualified as a notice of appeal because it met the requirements of Rule 4 of the Federal Rules of Appellate Procedure). Moreover, we are mindful of Green's pro se status, which necessitates a liberal construction of his purported notice of appeal. *See Smith,* 502 U .S. at 248, 112 S.Ct. 678. Because Green's submissions are properly characterized as a timely notice of appeal, the district court had subject matter jurisdiction over his appeal.

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings.