```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 14, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3041

IN RE:

GLORIA JEAN SYKES,
    *Debtor-Appellant.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 12 C 10313

John W. Darrah,
*Judge.*

**O R D E R**

Gloria Jean Sykes appeals the decision to modify the automatic stay in her Chapter 11 case, allowing JPMorgan Chase Bank to foreclose on her home loan. The district court dismissed the appeal because, during the appeal, her challenge to the order modifying the stay had become moot, and in any case the appeal was also untimely. Because both reasons are correct, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Sykes financed her home with a loan from JPMorgan Chase Bank in April 2007. Four years later, Sykes filed for bankruptcy under Chapter 11 (though unusual, it is possible for a person to obtain relief under Chapter 11, *see Toibb v. Radloff*, 501 U.S. 157, 166 (1991)) and applied to pay her filing fee under an installment plan as Federal Rule of Bankruptcy Procedure 1006(b) allows. On October 16, 2012, over a year after she filed for an installment plan, Sykes still had not paid her fees, so the bankruptcy court warned her that if she didn't do so before the next status hearing on November 15, it would dismiss the case. On the same day that it issued this warning, the court modified the automatic stay to allow Chase to foreclose on Sykes's property. Four weeks later, on November 13, Sykes appealed this lift-stay order to the district court. But by November 15 Sykes had not paid the bankruptcy court's filing fees, so as it had warned Sykes a month earlier, the bankruptcy court dismissed her Chapter 11 case, a decision from which Sykes does not appeal.

The district court dismissed Sykes's appeal of the lift-stay order for two reasons. First, it concluded that the appeal became moot once the bankruptcy court dismissed the bankruptcy petition. Second, the court ruled that, as Chase had argued, Sykes's appeal of the lift-stay order was untimely because it was filed 28 days after the order was entered, more than two weeks past the deadline in Federal Rule of Bankruptcy Procedure 8002(a).

On appeal Sykes contends that, because the bankruptcy court erred in lifting the stay, the district court should not have dismissed her challenge to the bankruptcy court's order. She gives two reasons that the bankruptcy court erred. First, she maintains that her appeal a year earlier of a different order allowing another creditor relief from the automatic stay divested the bankruptcy court of jurisdiction to lift the stay for Chase. Second, she argues that Chase, as the loan servicer, lacks standing to foreclose on her loan. She has pending before us a motion to take judicial notice of testimony that she believes proves this.

Sykes's two arguments presume that the district court should have considered the merits of her appeal of the bankruptcy court's decision to lift the stay for Chase. But if the district court correctly ruled that the appeal was moot or untimely— rulings that we review de novo, *see Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 937–38 (7th Cir. 2006) (mootness); *In re Saunders*, 31 F.3d 767, 767 (9th Cir. 1994) (untimeliness)—then the court properly avoided the merits.

We agree with the district court that Sykes's appeal of the lift-stay order was moot, which prevented the court from reaching her arguments. Two days after Sykes appealed that order, the bankruptcy court dismissed her case for nonpayment of fees, a decision that she does not challenge. An unchallenged dismissal of a bankruptcy case moots a dispute about a stay because the stay, to be valid, requires a pending bankruptcy case. *See* 11 U.S.C. § 362(c)(2)(B); *In re Statistical Tabulating Corp.*, 60 F.3d 1286,1289–90 (7th Cir. 1995) (explaining that dismissal of bankruptcy case moots controversy over lifting the automatic stay because dismissal disposes of the basis for the stay); *see also In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001); *Olive Street Inv. Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992). Dismissal of the bankruptcy does not necessarily moot adversary proceedings or disputes between creditors, *see In re Statistical Tabulating Corp.*, 60 F.3d at 1289–90, but this appeal does not involve such disputes. Because Sykes's appeal to the district court became moot after the bankruptcy court entered its unchallenged order dismissing her case, the district court properly dismissed the appeal.

Mootness aside, the district court properly dismissed Sykes's appeal for the additional jurisdictional reason that it was untimely. Sykes needed to file a notice of appeal from the bankruptcy court's decision within ten days from the entry of the judgment. *See* FED. R. BANKR. P. 8002(a). Her notice of appeal was more than two weeks late, which warranted dismissal of the appeal. *See Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995); *In re Williams*, 216 F.3d 1295, 1296–98 (11th Cir. 2000); *In re Saunders,* 31 F.3d at 767.

Accordingly, the judgment of the district court is **AFFIRMED**. The pending motion to take judicial notice is **DENIED**.