NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided October 14, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 19-2121

| | |
|---|---|
| PAMELA E. VEAL-HILL, *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| *v.* | No. 1517-17 |
| COMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | Richard T. Morrison, *Judge*. |

**O R D E R**

We affirmed the Tax Court's denial of Pamela Veal-Hill's request for attorneys' fees and damages because she had not exhausted her remedies and the Tax Court lacked jurisdiction over her spurious tort claim against a revenue agent. *Veal-Hill v. Comm'r*, 812 F. App'x 387 (7th Cir. 2020). If her appeal were not frivolous enough on its merits, we noted the incoherent briefs filed by Veal-Hill's two attorneys, Edward A. Williams and Crystal L. Johnson. The briefs, signed by both attorneys, were "practically devoid of coherent legal argument and primarily focuse[d] on irrelevant topics like biblical ethics and the life story of one of the attorneys"—that is, Williams. *Id.* at 388. We ordered both lawyers to show cause within one month why they should not be sanctioned for their violations of the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 38.

At 11:30 p.m. on the day the responses were due, Johnson filed a joint motion for extension of time. She explained that Williams, who is her uncle, was in a three-week quarantine because of the COVID-19 pandemic and could not scan his handwritten response to her, so she could type it, until his quarantine ended a few days later. Counsel should have filed the motion well before the due date given the foreseeable need for an extension. *See* 7TH CIR. R. 26. We did not immediately rule on the motion.

Once Williams's quarantine ended, Johnson submitted on his behalf a motion to file his response instanter. In this response, which Johnson did not sign, Williams seems apologetic for the briefs but for the wrong reasons. He believes we found his filings incoherent for lack of context in that he omitted his medical history from his life story and glossed over the Ninth Commandment during his lesson on biblical ethics.

Johnson submitted her own response on the same day and requests that we permit her to withdraw as Veal-Hill's counsel. She explains that Veal-Hill asked her to join the case as cocounsel to handle the electronic filing of Williams's papers because he does not know how to use a computer. Johnson says she wrote a draft reply brief but Williams replaced it with his own jumbled one, which she typed and filed under her name despite telling Veal-Hill that she was "truly embarrassed" by it. She says she is starting to suspect that her uncle has health issues that should lead him to stop practicing law, and Williams himself states he plans to retire within the year.

We grant Williams's motion to file his response instanter and, construing Johnson's response to also include such a motion, grant that implied motion as well. The motion for extension of time is denied as unnecessary. We also grant Johnson's motion to withdraw as counsel but not without imposing sanctions.

Williams's response is as rambling as his briefs and does not convince us to withhold sanctions. Though he says he plans to stop practicing law soon, it is readily apparent that his law practice should have ended before this case and he is not presently fit to represent clients in court.

Johnson's response shows incredibly poor judgment in enabling Williams's abuses. Johnson insists that she had to sign the briefs because she was cocounsel but asks that we instead treat her as Williams's administrative assistant. We decline that invitation. The signature requirement ensures than an attorney "takes responsibility" for the contents of that paper. FED. R. APP. P. 32(d), advisory committee's notes to 2002

amendment. An attorney has a duty to the court that an administrative assistant does not. Johnson submitted the briefs in her capacity as an attorney in violation of that duty and must share in the sanctions those briefs incurred.

Rule 38 authorizes us to order counsel to pay "just damages" for a frivolous appeal. Under that authority we have over the years developed a presumptive monetary sanction for frivolous tax appeals. *See Szopa v. United States*, 453 F.3d 455, 456 (7th Cir. 2006). For the reasons explained in the opinion issued today in this case, that presumptive penalty is currently $5,000. Although this system was developed for (usually pro se) tax protestors who try the same tired schemes to escape the very concept of taxation, the attorney-filed briefs here were just as much a misuse of the court's and the government's time as any tax protestor's theories.

We would ordinarily make counsel jointly and severally liable for this sanction, but Williams's response gives us little faith that he will pay, and that would leave Johnson holding the bag despite her bearing no more than half the blame. We therefore impose a sanction of $2,500 each on Williams and Johnson to be paid to the clerk of this court within 14 days. Our concern about nonpayment leads us also to note that failure to timely comply will result in imposition of a filing bar under *In re Maurice*, 69 F.3d 830, 835 (7th Cir. 1995), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), until the fine is paid in full.

Williams is a member of the Illinois bar, so we also request that the Clerk of the Court forward a copy of our two orders in this case to the Illinois Attorney Registry and Disciplinary Commission to take any action it deems appropriate. Johnson is a member of the Indiana bar, so we ask that the Clerk also forward a copy of the orders to the Indiana Supreme Court Disciplinary Commission for it to do the same.