**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 3, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1306

|  |  |
|---|---|
| SAMUEL WEGBREIT and ELIZABETH J. WEGBREIT, *Petitioners-Appellants*, | Appeal from the United States Tax Court. |
| *v.* | No. 7109-13 |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | Mary Ann Cohen, *Judge*. |

**O R D E R**

In our opinion of December 29, 2021, we held that this tax appeal is "utterly frivolous" and ordered Attorney John E. Rogers, counsel for the appellants, to show cause why he should not be sanctioned under Rule 38 of the Federal Rules of Appellate Procedure. *Wegbreit v. Comm'r*, 21 F.4th 959, 964 (7th Cir. 2021). His response rehashes the arguments we already rejected and raises some new ones.

Our conclusion has not changed. And we again note that Rogers was previously warned about the consequences of filing frivolous appeals. *Id.* (citing *Sugarloaf Fund, LLC v. Comm'r*, 953 F.3d 439, 441 (7th Cir. 2020)).

"The presumptive sanction for a frivolous tax appeal is $5,000." *Id.* (citing *Veal-Hill v. Comm'r*, 976 F.3d 775 (7th Cir. 2020) (per curiam)). We therefore impose a sanction against Rogers in the amount of $5,000 to be paid to the clerk of this court within 14 days. Failure to comply will result in the imposition of a filing bar under *In re Maurice*, 69 F.3d 830, 835 (7th Cir. 1995), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

SANCTION IMPOSED