**In the Matter of Ralph SCHERI, Debtor–Appellant.**

No. 94–1479.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1994.

Decided March 22, 1995.

David L. Passman (argued), Chicago, IL, for appellee.

Thomas G. Poulakidas, Poulakidas & Wood, Chicago, IL, Nicholas T. Kitsos (argued), Oak Brook, IL, for debtor-appellant.

Before COFFEY, RIPPLE and SKINNER,* Circuit Judges.

RIPPLE, Circuit Judge.

When a bankruptcy court ruling is appealed to the district court, Bankruptcy Rule 8009(a)(1) requires that an appellate brief be filed within fifteen days of the filing of the appeal. In this case, debtor Ralph Scheri, acting through his attorney, failed to file an appellate brief in the allotted time period. The district court dismissed his appeal. Mr. Scheri submits that the dismissal was an abuse of the district court's discretion. For the reasons stated below, we vacate the judgment of the district court and remand the case for further consideration.

## I

## BACKGROUND

Barbara Baker is a creditor holding a claim against Mr. Scheri's bankruptcy estate. On October 1, 1993, the bankruptcy court decided that Mr. Scheri's debts to Ms. Baker were nondischargeable, and denied the debtor's motion for discharge. *See* 11 U.S.C. § 727. Mr. Scheri's appeal of that decision was docketed in the district court on November 22, 1993. However, Mr. Scheri's attorney did not file a brief in support of that appeal within fifteen days of that docketing date, i.e., by December 7, 1993, as prescribed by Rule 8009.

At a status hearing held on January 7, 1994, Baker filed a motion to dismiss Mr. Scheri's appeal. Five days later, Mr. Scheri objected to the motion and filed a motion for leave to file the brief instanter. The appellate brief accompanied the motion. The reasons offered for the untimely filing were his ignorance of Bankruptcy Rule 8009 and his attorney's mistaken belief that the scheduling for filing of briefs would be done at the

* The Honorable Walter Jay Skinner, of the United States District Court for the District of Massa-chusetts, is sitting by designation.

status hearing on January 7, 1994. Mr. Scheri also asserted that his untimely filing had caused no harm or injury to the creditor.

On February 1, 1994, the district court granted the creditor's motion to dismiss the appeal. In a brief entry, the district court stated that, under Bankruptcy Rule 8009(a)(1), dismissal was within the court's discretion and was appropriate whenever the failure to file was the result of negligence, bad faith, or indifference. The court noted that the appellant's failure to file timely his brief was "merely the latest in a long series of dilatory tactics." It did not believe Mr. Scheri's excuse for his lack of filing and concluded that the debtor's actions exhibited both negligence and bad faith. The court stated:

> Appellant disingenuously argues that his failure to timely file his brief "was predicated on his misunderstanding and misinformation that the time or need to file the Brief would be fixed by the Court at the Status Hearing Set for January 7, 1994.["] The court notes that this status hearing was first scheduled on December 29, 1993—more than two weeks after Appellant's brief was due under Bankruptcy Rule 8009(a)(1). The court hereby finds that appellant's delay was the result of negligence, and that his explanation of the delay was offered in bad faith.

Order of February 1, 1994. As a result, the court granted the creditor's motion to dismiss the appeal. On February 18, 1994, the court denied Mr. Scheri's motion to vacate the dismissal. It reasoned that the status hearing was not set until December 29, 1993, and thus that "it is difficult to imagine how Debtor–Appellant could have expected the court to establish a new briefing schedule at such a late date." Mr. Scheri appeals that dismissal.

## II

## DISCUSSION

### A.

Mr. Scheri asserts that the record on appeal does not support the district court's

findings of negligence, bad faith, or "a long series of dilatory tactics." The only delict, he submits, was his attorney's admittedly mistaken belief that a briefing schedule would be set at the status hearing if the district court determined from review of the record that briefs would be required. Mr. Scheri also contends that there was no prejudice caused to the creditor by the delayed filing. Under these circumstances, he submits, it cannot be said that the debtor exhibited negligence or indifference to the bankruptcy procedural rules.

Baker contends that courts should not be burdened with the task of re-explaining rules of procedure to every litigant. A simple rule is hard to misunderstand—especially one as clear as Bankruptcy Rule 8009. Because the district court found consistent dilatory conduct, Baker concludes, the court acted within its discretion in refusing to accept the debtor's excuse for negligence.

### B.

The timely filing of briefs is governed by Bankruptcy Rule 8009, which establishes, in the absence of an overriding time limitation, a fifteen-day period for the filing of a brief after the appeal has been entered. The rule provides:

> 8009(a) *Briefs.* Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
>
> (1) the appellant shall serve and file his brief within fifteen days after entry of the appeal on the docket pursuant to Rule 8007.[1]

Bankruptcy Rule 8009(a)(1). The failure to file a required pleading or brief in a timely manner may be a ground for dismissal of the appeal under Bankruptcy Rule 8001:

> Failure of an appellant to take any steps other than the timely filing of a notice of

---

1. Bankruptcy Rule 8007 requires that "the clerk ... shall enter the appeal in the docket and give notice promptly to all parties." The district court docketing date for this appeal is November 22, 1993. Notice of the appeal was mailed to all counsel of record pursuant to Bankruptcy Rule 8007(b) on the same date.

appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

As that rule indicates, the failure to file a timely brief is a nonjurisdictional procedural error. The district court, faced with such an error, must choose the "appropriate" action. The choice of dismissal is within the district court's sound discretion. We review it only for an abuse of that discretion. *In re Bulic*, 997 F.2d 299, 302 n. 3, 303 (7th Cir.1993) (standard for reviewing district court's dismissal of appeal is abuse of discretion).[2]

## C.

■ This court has not had occasion to deal with the precise situation presented here, the late filing of an appellate brief in the district court pursuant to Bankruptcy Rule 8009. Our colleagues in other circuits have had the question presented to them, and the resulting caselaw manifests a consensus that is a helpful starting point to our analysis. As the district court noted, a late filing of an appellate brief does not justify dismissal of the appeal under Rule 8009 absent a showing of bad faith, negligence, or indifference.[3] When district courts have

found dismissal to be the appropriate sanction because the record demonstrates a consistent pattern of dilatoriness or multiple failures to comply with deadlines, courts of appeals have not hesitated to affirm the district court's exercise of discretion.[4]

In his commentary on Rule 8009, bankruptcy scholar and former bankruptcy judge Daniel R. Cowans states the principle that reflects the general approach of the reported cases: "Dismissal of an appeal for failure to file a brief is a severe sanction." Daniel R. Cowans, *Bankruptcy Law & Practice* § 18.6, at 530 (6th ed. 1994). Indeed, this perspective is not limited to bankruptcy practice, but has long characterized our approach to dismissal sanctions. *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir.1994) (acknowledging that dismissal with prejudice is a harsh sanction, but appropriate when discovery delays continue long after the court's direct order); *see also In re Braniff Airways*, 774 F.2d 1303, 1305 (5th Cir.1985) (stating that "dismissal is a penalty of last resort").

■ Nevertheless, dismissal is the proper sanction when the circumstances require it:

[T]he most severe in the spectrum of sanctions provided by statute or rule must be

**2.** *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir.1995) (recognizing district court's discretion under Bankruptcy Rule 8001 to take action short of dismissal when appellant fails to file timely statement of issues on appeal); *In re Roete*, 936 F.2d 963, 967 (7th Cir.1991) (sanction for filing of frivolous brief was not abuse of discretion); *In re Fitzsimmons*, 920 F.2d 1468, 1471 (9th Cir. 1990) (standard for reviewing dismissal for noncompliance with nonjurisdictional bankruptcy rules is abuse of discretion); *Instituto Nacional v. Continental Ill. Nat'l Bank & Trust Co.*, 858 F.2d 1264, 1272 (7th Cir.1988) (denial of extension for filing of brief was not abuse of discretion).

**3.** *See In re Tampa Chain Co.*, 835 F.2d 54, 55–56 (2d Cir.1987) (per curiam) (affirming dismissal of bankruptcy appeal after brief was filed seven months late without explanation); *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir.1985) (vacating dismissal, remanding to determine whether untimely filing of briefs was result of bad faith, negligence or indifference); *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir.1985) (finding no abuse of discretion in district court's dismissal after brief, without expla-

nation, was not filed 19½ months after entry of appeal); *see also In re Fitzsimmons*, 920 F.2d at 1472 (dismissal for failure to file designation of record or statement of issues on appeal based on bad faith); *In re Winner Corp.*, 632 F.2d 658, 660–61 (6th Cir.1980) (holding that late filing of designation of record, absent evidence of bad faith, did not justify dismissal of appeal); *In re Drexel Burnham Lambert Group, Inc.*, 142 B.R. 633, 636 (S.D.N.Y.1992) (holding that delay in filing brief, alone, was insufficient to warrant dismissal when appellant provided explanation for tardiness, even if a weak one).

**4.** *See, e.g., In re Fitzsimmons*, 920 F.2d at 1471–72 (holding that three-year delay in filing of documents, coupled with misrepresentations to court, was bad faith conduct warranting dismissal); *In re Champion*, 895 F.2d 490, 492 (8th Cir.1990) (holding no abuse of discretion to dismiss when appellant repeatedly failed to make required filings); *Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir.1988) (holding no abuse of discretion to dismiss when appellant repeatedly failed to file transcripts); *In re Beverly*, 778 F.2d at 667 (noting that dismissal "typically occurs in cases showing consistent dilatory conduct").

available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Moreover, we must balance concern for the severity of the sanction of dismissal with the need to afford the district court great latitude to handle effectively the many situations that retard the efficient dispatch of judicial business. We always must remember that the district court, not the appellate court, must deal, in the first instance, with the dilatory litigant who threatens progress not only in the resolution of the case before the court but also in the many other matters that await the time and attention of the district court. We also must remember that the district court, not the appellate court, is in the best position to assess the nature of the delay, the motivations of the parties and their attorneys, and the impact of the delay on the court's calendar. Consequently, our review of a district court's broad discretion to deal with litigation delay, even through the drastic sanction of dismissal, is deferential. We must respect the discretionary responsibility of a district court to manage the conduct of the litigation in its courtroom and to use dismissal when appropriate; we review only for an abuse of that discretion. *National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780–81; *Garner v. Kinnear Mfg. Co.,* 37 F.3d 263, 269 (7th Cir.1994).

Nevertheless, although our review of the district court's decision must be very deferential, deferential review cannot be equated with no review at all. *Land v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Health & Welfare Fund,* 25 F.3d 509, 515 (7th Cir.1994); *LaSalle Nat'l Bank v. County of DuPage,* 10 F.3d 1333, 1337 (7th Cir.1993); *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 936 (7th Cir.1989); *In re Ronco, Inc.,* 838 F.2d 212, 217–18 (7th Cir.1988) (quoting *Brown v. National Bd. of Medical Examiners,* 800 F.2d 168, 173 (7th Cir.1986)). The need to balance our concern for the appropriate use of dismissal with our concern that we not cabin unrealistically the needed discretion of the district courts was considered by our present Chief Judge in *Diehl v. H.J. Heinz Co.,* 901 F.2d 73. (7th Cir.1990). While reversing the dismissal of a case as a sanction for failure to cooperate in discovery, he wrote: "We are completely sympathetic to the efforts of the exceedingly busy district judges ... to run a tight ship, and ... exceedingly reluctant to interfere with their imposing heavy sanctions on parties and counsel who flout the rules and usages of federal litigation." *Id.* at 75.

Our present concern in this case is the absence of a sufficient explanation by the district court of the basis for its determination that dismissal was appropriate. The court noted that the "appellant's failure to timely file his brief on appeal is merely the latest in a long series of dilatory tactics." We received no further description of those tactics and, more importantly, of the district court's assessment of the impact of those instances on the overall conduct of the litigation.

The district court characterizes the explanation for the delay as "disingenuous" because the status hearing was scheduled more than two weeks after Mr. Scheri's brief was due, and the court found it "difficult to imagine how Debtor–Appellant could have expected the court to establish a new briefing schedule at such a late date." However, if it is true that Mr. Scheri's counsel misunderstood the district court's procedure for setting a briefing schedule, it is not inconsistent for him to wait for the notice of the status hearing without any awareness of his mistake in failing to file the brief weeks before. If the court believed that this explanation constituted a deliberate misrepresentation to the court by Mr. Scheri's counsel, an explicit finding to that effect would have been appropriate. As a general proposition, the delicts of the attorney may be attributed to the party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993); *Ball v. City of Chicago,* 2 F.3d 752, 756 (7th Cir.1993). However, a

lawyer's misrepresentation to the court is a matter over which the district court has direct control as a matter of professional discipline. As our discussion in *Ball* suggests, 2 F.3d at 758, in such circumstances, the district court, at least as an initial matter, ought to give consideration to sanctioning the lawyer rather than the client. We emphasize, as we did in *Ball,* that the district court need not turn to sanctions that implicate the client only as a matter of last resort. Nevertheless, we believe that, when the delict in question is clearly that of the lawyer, the possibility of sanctioning the attorney deserves the consideration of the district court.[5]

We emphasize that we respect the broad discretion of the district court to sanction parties by dismissing their appeals when appropriate: "The district judge should be presumed to have acted reasonably, and reversal is warranted therefore only if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion." *Ball,* 2 F.3d at 755. We further emphasize that we offer no opinion concerning Mr. Scheri's reasons for delay. We ask only for a sufficient explanation from the district court to permit us to fulfill our limited, but important, responsibilities. Deferential review cannot mean no review at all.

### Conclusion

We vacate the dismissal of Mr. Scheri's appeal and remand the case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

**5.** Cases that consider the propriety of dismissal for attorney's noncompliance with bankruptcy's procedural deadlines include *Greco v. Stubenberg,* 859 F.2d 1401, 1404 (9th Cir.1988) (holding that dismissal, after appellant's counsel's repeated failures to provide funds for transcripts, was not abuse of discretion); *In re Hill,* 775 F.2d 1385, 1387 (9th Cir.1985) (per curiam) (remanding for reconsideration of dismissal because failure to file brief was fault of attorneys); *In re Russell,* 746 F.2d 1419, 1420 (10th Cir.1984) (per curiam) (holding that dismissal was abuse of discretion because delayed filing of brief was fault of attorney rather than litigant).