**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-50089**
**Summary Calendar**

_____

**In the Matter of: ELWOOD CLUCK,**

**Debtor.**

------------------------

**ELWOOD CLUCK,**

**Appellant,**

**VERSUS**

**RANDOLPH N. OSHEROW, Trustee,**

**Appellee.**

_____

Appeal from the United States District Court
For the Western District of Texas
(SA-95-CV-1001)
_____
August 30, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

On February 5, 1995, Elwood Cluck, as appellant, signed and

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from (a) the final order and judgment of the United States District Court for the Western District of Texas, filed November 29, 1995, and (b) the order of the district court filed January 9, 1996. The district court's judgment filed November 29, 1995, dismissed appellant's appeal from the order of the Bankruptcy Court for the Western District of Texas dated June 20, 1995, which denied appellant's motion to recuse Ronald B. King as the Bankruptcy Judge on the case. The district court order of January 9, 1996, overruled appellant's motion for rehearing of the November 29, 1994, judgment of the district court and denied appellant's motion for recusal of the Honorable H. F. Garcia as district judge hearing this bankruptcy appeal. In its order of November 29, 1995, the district court found that appellant failed to timely file his brief and failed to timely file a response to a motion to dismiss. Therefore, the district court treated the motion to dismiss as unopposed and dismissed the appeal from the bankruptcy court.

In his motion for rehearing of the district court's order of November 29, 1995, appellant cites no rules or cases nor makes any argument that the district court abused its discretion in dismissing the bankruptcy appeal. Likewise, in his brief filed in this Court, appellant does not even raise as an issue on appeal any error on the part of the district court in dismissing the bankruptcy appeal. Appellant has waived his claim of error on the

2

part of the district court in dismissing the bankruptcy appeal and we, therefore, affirm the judgment of the district court filed November 29, 1995.

In his motion for recusal of Judge H. F. Garcia filed December 6, 1995, along with his motion for rehearing of the November 29, 1995, judgment, appellant raised for the first time grounds upon which he asserted Judge Garcia should have recused himself from hearing the bankruptcy appeal. Judge Garcia denied the motion for recusal summarily in his order of January 9, 1996, which also denied appellant's motion for rehearing of the November 92, 1995, order. In his brief filed in this Court, appellant raises as an issue on appeal whether Judge Garcia should have recused himself; but appellant cites no rules or cases and presents no argument on this issue. Rather appellant spends his entire brief arguing the second issue on appeal, that is whether Judge Ronald B. King should have recused himself in the original bankruptcy proceeding. We conclude, therefore, that appellant has waived and abandoned the issue of whether Judge Garcia committed error by refusing to recuse himself in the bankruptcy appeal.

We have carefully reviewed the brief of appellant Elwood Cluck, the brief of appellee, the record excerpts and relevant portions of the record itself. The only issue in this appeal is whether the district court abused its discretion in dismissing the bankruptcy appeal. We review such a dismissal under an abuse of

3

discretion standard.  **In Re Scheri**, 51 F.3d 71, 75 (7th Cir. 1995).

For the reasons stated by the district court in its separate order

filed November 25, 1995, we affirm the judgment of the district

court which dismisses the appeal of the order of the bankruptcy

court denying the motion for recusal of the bankruptcy judge.

This appeal is one of 24 separate appeals which appellant

Elwood Cluck has filed in this Court, all arising out of the same

bankruptcy proceeding.  This Court has previously warned Cluck that

frivolous appeals could result in the imposition of sanctions.

**Cluck v. Osherow**, Nos. 95-50611, 95-50613 and 95-50614 (5th Cir.

June 7, 1995) (unpublished).  In another appeal, this Court imposed

sanctions in the amount of the appellee's costs and attorney's fees

incurred during appeal.  **Cluck v. Osherow**, No. 95-50797 (5th Cir.

June 21, 1996) (unpublished).  We find the instant appeal to be

frivolous.  The result is obvious and the arguments of error are

wholly without merit.  See **Coghlan v. Starkey**, 852 F.2d 806, 811

(5th Cir. 1988); see also **Clark v. Green**, 814 F.2d 221, 223 (5th

Cir. 1987) (a frivolous appeal is one in which the claim advanced

is unreasonable or is not brought with a reasonably good faith

belief that it is justified).  Given the prior sanction warning,

the prior imposition of sanctions, and Cluck's continued

prosecution of  this frivolous appeal, we now impose sanctions in

DOUBLE the amount of the appellee's costs and attorney's fees

incurred during this appeal.  Accordingly, the appellee is directed

4

to submit to this court its application for costs and attorney's fees incurred during this appeal, together with supporting documents. We direct the clerk to issue the mandate immediately and not accept any filing of a motion for rehearing from Cluck. We further direct the clerk to amend the mandate as to the final certification of double costs and attorney's fees as set by the sanctions herein. <u>See</u> Fed. R. App. P. 39(d) and 41.

Finally, Cluck is barred from filing any pro se civil appeal in this Court, or any pro se initial civil pleading in any court which is subject to this Court's jurisdiction, without the advance written permission of a judge of the forum court or of this Court; the clerk of this Court and the clerks of all federal district courts in this Circuit are directed to return to Cluck, unfiled, any attempted submission inconsistent with this bar.

The judgment of the district court is **AFFIRMED. SANCTIONS IMPOSED.**