**UNITED STATES of America, Appellant,**

v.

**William Douglas MANNING, Jr. and Donna Lichenstein Manning, Appellees.**

No. 1:97–CV–0072.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 10, 1998.

where no subsequent credit history was established upon which reliance could even have arguably been placed.

Susan Mary Pinner, Internal Revenue Service, Houston, TX, for Plaintiff.

Frank J. Maida, Beaumont, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before this court is Appellant's Motion to Set Aside, filed by the United States of America. Appellant seeks to set aside this court's Order of October 3, 1997 dismissing the United States' appeal from a judgment of the Bankruptcy court. This court finds that the United States' dilatory practice in this case is not justified by any reasonable explanation and no sanction other than dismissal of the appeal is available or appropriate. The Motion to Set Aside, therefore, is DENIED.

### I. FACTUAL BACKGROUND

Appellees, William and Donna Manning, brought an action against the Internal Revenue Service ("IRS") in Bankruptcy court to have tax liabilities from the years 1985, 1986, and 1987 declared dischargeable. On December 19, 1996, the Bankruptcy court held that IRS was estopped from claiming that the statute of limitation in which to assess the liability was tolled and, therefore, the statute had run and the debts were dischargeable.

The United States of America, on behalf of the IRS, filed a timely notice of appeal on January 3, 1997. The record was prepared and filed in this court on February 11, 1997. Also on February 11, the clerk of the Eastern District assigned the appeal to Track VI of the Civil Justice Expense and Delay Reduction Plan, in accordance with the established policy of the District. Nothing further transpired in this case for a period of over seven and a half months, from the time of the track assignment to October 3, 1997, until this court rendered an order dismissing the appeal for lack of prosecution.

The United States immediately filed a motion to vacate this court's order of dismissal. The United States alleges that, because the case was assigned to Track VI, the attorney for the United States was waiting for a scheduling order from the judge before filing

the required brief. Therefore, the delay in proceeding with the case was reasonable.

## II. ANALYSIS

### A. The Violation of *Rule 8009*

■ Federal Rule of Bankruptcy Procedure 8009(a) states: "Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." The local rules of court, provided by the Eastern District, do not excuse the filing of briefs nor specify a different time limit. Nor do the local rules specifically state or even suggest that cases assigned to Track VI are exempt from the Federal Rules of Bankruptcy Procedure. Furthermore, there is nothing in the local rules nor in the custom or practice of this court that implies that the filing of bankruptcy briefs are excused until a scheduling order has been entered by the court.

Therefore, the United States' failure to file a brief within seven and a half months after the entry of the appeal on the docket was a clear violation of Rule 8009 and is not excused by the attorney's confusion as to the Track VI assignment. At the very least, the United States should have inquired to this court regarding a scheduling order after thirty or sixty days had passed from the entry on the docket. The question remaining, then, is that of an appropriate sanction.

### B. The Appropriate Sanction

■ The dismissal of a bankruptcy appeal is an admittedly drastic measure. It is a sanction within the discretion of the district court, however, and is appropriate in certain circumstances. *See* Fed.R.Bankr.P. 8001 [1]; *In re Braniff Airways,* 774 F.2d 1303 (5th Cir.1985); *In re Scheri,* 51 F.3d 71, 74 (7th Cir.1995). In choosing an appropriate sanction, the district court should consider the egregiousness of the dilatory conduct and any explanation offered by the dilatory party,

the equity of dismissing the client's appeal due to the lawyer's conduct, and the efficacy of lesser sanctions. *See generally In re Braniff, supra; Pyramid Mobile Homes, Inc. v. Speake,* 531 F.2d 743 (5th Cir.1976); *In re Scheri, supra; Dodson v. Runyon,* 86 F.3d 37 (2nd Cir.1996).

*1. Egregiousness of the Dilatory Conduct and the Explanation Offered by the Dilatory Party*

Counsel for the United States failed to make any effort whatsoever for a period of seven and a half months. Perhaps it was reasonable, as alleged by the Appellant, for counsel for the United States to have been confused by the assignment to Track VI and to have missed the fifteen day deadline while awaiting instruction from the court. After thirty days, however, a diligent attorney would have inquired to the court as to the status of the scheduling order. After a couple months, a reasonably diligent attorney would have realized that no scheduling order was forthcoming and that a brief was already overdue. Attorneys have a duty not only to manage their cases diligently, but to make whatever inquiry is necessary to ensure that their cases are expeditiously handled. Allowing a case to linger unattended for seven and a half months is an egregious violation of an attorney's duties. The proffered explanation for the delay, that the assignment of the case to Track VI caused confusion as to the responsibilities of the parties, is not a reasonable one and does not excuse the dilatory conduct.

*2. The Equity of Dismissing the Client's Appeal Due to the Lawyer's Conduct*

■ The dismissal of a bankruptcy appeal is a drastic measure which ultimately affects the rights of the client more than the rights of the dilatory attorney. Therefore, courts have held that it is incumbent on the district court to consider whether any sanction imposed should unilaterally affect the lawyer or

---

1. Federal Rule of Bankruptcy Procedure 8001(a) provides, in pertinent part:
   Failure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal, but is

ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal.*
(Emphasis added).

affect both lawyer and client. *See Braniff Airways, supra,* at 1304; *Dodson, supra,* at 41. In the vast majority of cases, the appellant affected by the drastic sanction of dismissal is an innocent individual in the midst of an emotionally, physically, and financially draining bankruptcy case. Therefore, equity usually requires that the client not be punished or sanctioned if only the attorney was at fault.

In this case, however, the Appellant is the United States, on behalf of the IRS. There is nearly no measurable hardship felt by Appellant. While the dismissal of a $10,000 appeal would greatly hardship a bankruptcy debtor, Appellant in this case cannot make the same claim. Furthermore, it was the dilatory practice of the IRS, in the events that lead up to the underlying cause of action in the Bankruptcy court, that created the United States' need to appeal. Had the IRS not slept on the Mannings' Offer in Compromise, the Bankruptcy court would not have ruled that the tax liabilities were dischargeable. Therefore, the client in this case will not suffer an unreasonable or inequitable hardship if the appeal is dismissed.

*3. The Efficacy of Lesser Sanctions*

 District courts are charged with the duty of considering the efficacy of lesser sanctions before deciding to dismiss a bankruptcy appeal. *In re Serra Builders, Inc.,* 970 F.2d 1309 (4th Cir.1992); *Jewelcor Inc. v. Asia Commercial Co.,* 11 F.3d 394, 397 (3d Cir.1993); *In re Beverly Mfg. Corp.,* 778 F.2d 666, 667–68 (11th Cir.1985); *In re Hill,* 775 F.2d 1385 (9th Cir.1985); *and see Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir.1982). Lesser sanctions, such as imposing costs or a fine on an attorney, can be very effective in punishing a negligent attorney and deterring further dilatory practice. This court, however, cannot fine the United States for its actions and the imposition of costs would have little or no deterrent effect on the collective force of attorneys for the United States. Furthermore, the mere imposition of costs would not sufficiently punish the dilatory conduct of the IRS and the attorneys for the United States.

### III. Conclusion

Dismissal of the appeal is an appropriate and fitting sanction for the failure to file a brief for over seven and a half months. Lesser sanctions are not available nor more appropriate. The failure to file the brief for over seven and a half months was not reasonably explained by the confusion over the Track VI assignment of the appeal. The United States never bothered to inquire into the status of the case until the order of dismissal was entered. Finally, dismissal will not unduly or inequitably burden the IRS; the IRS's dilatory practice was in part responsible for the unfavorable progression of the case.

Therefore, the Motion to Set Aside must be **Denied.**

It is ORDERED, ADJUDGED, and, DECREED, therefore, that Appellant's Motion to Set Aside be DENIED.