**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-40681
(Summary Calendar)

In The Matter Of: CHRISTICO PETROLEUM COMPANY,

Debtor.

VICTORIA OILFIELD RENTAL AND SALES, INCORPORATED;
BLESSING OIL & GAS COMPANY INCORPORATED; REX
MCCORD, doing business as Rex McCord Welding Service,

Appellants,

versus

PROSPECTOR PETROLEUM, INCORPORATED,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-574

July 20, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Victoria Oilfield Rental and Sales, Inc., Blessing Oil & Gas Co., Inc., and Rex McCord d/b/a Rex McCord Welding Service's (together, "Victoria") appeals the district court's sua sponte dismissal of its bankruptcy appeal. For the reasons assigned, we affirm the decision of the district court.

On September 18, 1996, Victoria filed an appeal from the bankruptcy court's order denying its motion for summary judgment and granting appellee Prospector Petroleum Inc.'s ("Prospector")

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for summary judgment. On November 25, 1996, Victoria, through its counsel, Oscar F. Jones III, filed its brief raising issues on (1) the propriety of the bankruptcy court's ruling on the motions for summary judgment regarding i) the obligation of a tenant in common to pay for its percentage of expenses incurred to produce oil and gas, and ii) the application of the doctrine of quantum meruit; and (2) the propriety of the bankruptcy court retaining jurisdiction rather than remanding to state court after the withdrawal of Christico Petroleum Co. ("Christico") — the debtor that had originally intervened and removed this case to the bankruptcy court. Judge Janis Graham Jack, United States District Court for the Southern District of Texas, sua sponte struck the brief of appellants for failure to present the issues in compliance with Fed.R.Bankr.P. 8010. Specifically, Judge Jack found that appellants failed to provide any citations to relevant portions of the record upon which they relied. In addition, Judge Jack noted that appellants did not cite to any authority regarding the application of quantum meruit and failed to address the second issue in the argument section of their brief at all. Finally, Judge Jack rejected Victoria's attempt to incorporate by reference all memoranda, motion papers, responses, authorities, and arguments previously filed and asserted in the bankruptcy court.

Judge Jack ordered Victoria to file an amended brief in compliance with Rule 8010 by 3:30 p.m. on Friday, April 25, 1997. In addition, the judge ordered both Victoria and Prospector to file additional briefing by 3:30 p.m. on April 25, 1997, on the issues whether the bankruptcy court erred by exercising supplemental jurisdiction over the matter after Christico withdrew its intervention. Subsequently, Prospector filed an emergency motion to extend the due date of its additional brief until 3:30 p.m. on May 2, 1997. Such motion was granted. Jones claims that he joined in this request to the district court for additional time to file until May 2, 1997 on Victoria's behalf. On April 22, 1997, Jones apparently mailed to the court a statement of position with regard to the extension of time, but apparently failed to mail an accompanying order for extension. Jones spoke on the telephone with the district court manager on April 23, 1997 and was told the motion for extension of time to file the briefs had been granted by the court. Jones indicates that he mistakenly believed that such ruling

2

applied to him and Victoria as well as to Prospector. On April 25, 1997, Jones received a copy of the court's order indicating that an extension had been granted only with respect to Prospector. Jones then mailed the omitted order to the court, which the court subsequently refused to accept. On May 1, 1997, Judge Jack dismissed Victoria's appeal. Victoria subsequently filed a motion to the reinstate its case. Judge Jack struck such motion because it was not accompanied by an attached certificate of opposing counsel, as required by Local Rule 6.A.4. Victoria attempted to file an amended motion to reinstate that was denied by the Judge Jack as untimely. Victoria now appeals the dismissal of its appeal.

Bankruptcy Rule 8001(a) makes clear that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed.R.Bankr.P. 8001(a). While dismissal of an appeal is drastic, it is a sanction within the discretion of the district court, and is appropriate in certain circumstances. See In re Braniff Airways, 774 F.2d 1303, 1305 (5th Cir. 1985); In re Scheri, 51 F.3d 71, 74 (7th Cir. 1995). "In reviewing actions taken by a district court in its appellate role, we affirm unless the court has clearly abused its discretion." In re Braniff, 774 F.2d at 1305 (internal citation omitted).

While we are mindful of both the extreme nature and consequences of dismissing an appeal, we do not find that the trial judge abused her discretion in doing so in the instant case. We note at the outset that Judge Jack offered Victoria the proverbial second bite at the apple when she struck its brief and ordered it to file an amended brief in compliance with Bankruptcy Rule 8010. As noted above, the Bankruptcy Rules clearly allow a district court to dismiss an appeal for failure to follow the rules governing bankruptcy appeals. In this case, however, rather than dismissing the action at the first sign of error, Judge Jack offered Victoria's counsel a "free" opportunity to rectify his mistake and file a brief in compliance with the Bankruptcy Rules. At that time, Judge Jack gave fair warning to Jones and Victoria that sua sponte dismissal could be the consequence of failing to file a brief in

3

compliance with Bankruptcy Rule 8010. See Neely v. Bankers Trust Co. of Texas, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Still, Victoria failed to file its brief on the date mandated by the order. In fact, the court did not sign the dismissal order until six days after the due date of the brief. We cannot now offer relief to appellant or its counsel because Judge Jack followed through on her warning when the brief was not filed.

Jones proffers an inspired, yet incredible collection of tenuous excuses for missing the court ordered deadline. Even if we are to take him at his word and accept that his missteps and misunderstandings were in good faith, the fact remains he failed to comply with the district court's order and there is no indication in the record that such motion ever was filed on Victoria's behalf. Following the missed deadline, Jones filed a number of documents in the hopes of persuading the district court to reconsider its decision. However, he failed to file the amended brief itself, the one document that the district court's order specifically requested. Even in his brief on appeal, Jones does not explain why the amended brief could not be filed by April 25, 1997 or why it was not submitted to the district court thereafter. As the district court inferred in its reasons for denying Victoria's "motion for reconsideration"—Jones's position would be greatly bolstered had he *ever* correctly filed the brief in question—even if it had been untimely. Still, rather than explain his omissions to the court, Jones inexplicably has chosen to use his post-dismissal filings to challenge the fairness of technical enforcement of the court's rules.

This court has recognized that "indiscriminate exercise of the dismissal power for [such filing] derelictions . . . may punish the innocent client for the unprofessional conduct of his counsel." In re Braniff, 774 F.2d 1303, 1304 (5th Cir. 1985). Thus, we do not consider lightly the district court's dismissal of an appeal based on the dilatory conduct of an attorney. Because of the egregious nature of his mistakes in this case, however, we do not find that Judge Jack abused her discretion even in light of the harsh consequences Victoria must now suffer.

For the foregoing reasons, we AFFIRM the decision of the district court.