# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-20872
Summary Calendar

In the Matter of:  STEVEN DARRYL MCKENZIE,

Debtor,

STEVEN DARRYL MCKENZIE,

Appellant,

versus

KUKUI, INC.; W. STEVE SMITH, Trustee,

Appellees.

Appeal from the United States District Court
for the Southern District of Texas
H-99-CV-1944

April 19, 2000

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Steven Darryl McKenzie appeals to this court the district court's dismissal for want of prosecution of his appeal of an adverse judgment by the bankruptcy court.  For the reasons assigned, we affirm.

## BACKGROUND

On December 27, 1995, McKenzie filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  Appellee Kukui, Inc., filed an adversary proceeding seeking to bar the discharge of certain debts.  Kukui petitioned for a general denial of discharge under 11 U.S.C. § 727 and a specific denial of its particular claims

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 11 U.S.C. § 523. Appellee W. Steve Smith, Trustee of McKenzie's bankruptcy estate, intervened in the proceeding, also seeking to prevent the discharge of the same debts under § 727. By order dated July 23, 1998, the bankruptcy judge abated consideration of § 523, pending resolution of the § 727 issue, inasmuch as the general denial of discharge would moot any specific determination.

After a hearing on the § 727 claims, the bankruptcy court rendered judgment denying the discharge. McKenzie timely appealed to the district court, filing his designation of record and statement of issues, invoking Bankruptcy Rule 8006. Both Kukui and the Trustee filed separate designations of additional items to be included in the record.

McKenzie thereafter moved to abate his appeal, contending that because the bankruptcy court had ruled only on the § 727 issue, the § 523 matter was still pending, making the judgment of the bankruptcy court interlocutory and his notice of appeal premature. The district court denied this motion and set a briefing schedule. The bankruptcy court issued an order reiterating that its previous judgment was final, thus negating the necessity of addressing the § 523 challenge.

Six days before his brief was due McKenzie filed a motion ostensibly seeking clarification of the briefing schedule, but he did not seek an extension of time for the filing of his brief in support of his appeal. Approximately three weeks after the due date of McKenzie's brief, the district court dismissed the appeal without prejudice for want of prosecution for his failure to timely file his brief. The appeal to this court followed.

## ANALYSIS

When the district court exercises its appellate function its decision will be affirmed absent a clear abuse of discretion.[1] Dismissal of an appeal is authorized

---

[1] **In re Braniff Airways, Inc.,** 774 F.2d 1303 (5th Cir. 1985).

by Bankruptcy Rule 8001 and is appropriate when the appellant fails to prosecute his action diligently. This includes the failure to file an appellate brief timely.[2]

McKenzie contends that the district court erroneously dismissed his appeal because, he maintains, his brief was not yet due. He claims Bankruptcy Rule 8009(a)(1) dictates that the 15-day time limit for the filing of a brief does not begin to run until after the appeal is docketed in accordance with Rule 8007(b). By his reasoning, the record on appeal was not completed until August 13, the date on which he filed his emergency motion. He contends that the district court clerk erroneously docketed the appeal on June 22, and that he should have been given until August 30 to file his brief.[3] This contention is without merit.

Bankruptcy Rule 8009(a)(1) states in relevant part:

*Unless the district court* or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs *or specifies different time limits:*
(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.[4]

In the case at bar, the district court expressly ordered that the deadline for McKenzie to file his brief was August 9, 1999. Despite McKenzie's claimed confusion about the effect of the bankruptcy court's ruling which disposed of all pending issues, including that involving § 523, the district court's order on the filing of briefs was manifestly clear. If McKenzie was unable to meet this deadline for whatever reason, the proper course of action was to move timely in the district court for an extension of time.

---

[2]**Id.** at 1305; **United States v. Manning,** 220 B.R. 328 (E.D. Tex. 1998). Rule 8001 provides, "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court... deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001.

[3]Bankruptcy Rule 9006(a) excepts from computation Saturdays, Sundays, and legal holidays, which accounts for the extra two days in McKenzie's calculation. FED. R. BANKR. P. 9006(a).

[4]FED. R. BANKR. P. 8009(a)(1) (emphasis added).

Nor may McKenzie now advance his *pro se* status as an excuse for his failure to comply with the court's order. He filed his notice of appeal to the district court, compiled the record for that appeal, and tendered several motions to the district court, all without the benefit of counsel. Additionally, he put forth a technical legal argument to this court, one which, however, wholly and conveniently ignores the plain wording of Rule 8009(a)(1), the statute on which he principally relies. The district court acted within its discretion in concluding that McKenzie offered no justification for his failure to timely file his brief and in dismissing the appeal for want of prosecution.

The decision appealed is AFFIRMED.