**In re Janet Lee REPPERT, Dean E. Reppert, II, Debtors.**

**Janet Lee Reppert, Dean E. Reppert, II, Appellants,**

v.

**Western National Bank, Appellee.**

**Nos. 99–22347, 01–2259–JWL.**
**BAP No. KS–00–13.**

United States District Court, D. Kansas.

Nov. 1, 2001.

---

19.  *Hic funis nihil attraxit.*

Steven R. Wiechman, Wiechman Law Office, Topeka, KS, Jack M. N. Shelton, Shelton Law Office, Topeka, KS, for appellants.

Charles T. Engel, Cosgrove, Webb & Owen, Topeka, KS, for appellee.

Eric C. Rajala, Overland Park, KS, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is presently before the court on this court's second notice and order to show cause (doc. # 13) why appellants were late in filing their appellate brief, and on appellee's motion for an extension of time to file its appellate brief (doc. # 17). The court finds that the explanation contained in appellants' response (doc. # 14), that their counsel became ill and underwent oral surgery, is cause sufficient to explain why their appeal should not be dismissed for failure to file a brief before the court's deadline.

The court summarily grants appellee's motion for an extension of time to file its brief. Appellee has until November 16, 2001 to file its brief. Appellants may then serve and file their reply brief within 10 days after service of appellee's brief.

### I. Procedural Background

On May 30, 2001, a Notice of Bankruptcy Appeal was filed by appellants. Appellants sought an extension of time to submit their brief and the court extended the deadline until July 16, 2001. Appellants failed to file their brief by that date. On July 23, 2001, the court issued its first notice and order to show cause ordering appellants to show good cause in writing why their appeal should not be dismissed for failure to prosecute in light of their failure to file their brief before the court's deadline. Appellants' counsel filed a response to the show cause order and the court found that good cause had been shown because counsel had not received a copy of the order granting his extension due to confusion about counsel's correct address. Appellants were granted an ex-

tension until August 13, 2001 to file their brief.

On August 13, 2001, appellants filed a motion seeking yet another extension of time to submit their brief. Appellants were granted an extension until August 27, 2001. Again, appellants did not submit their brief within the time limit provided by the court. On August 31, 2001, the court issued a second notice and order to show good cause in writing by September 10, 2001 why their appeal should not be dismissed for failure to prosecute in light of their failure to file a brief by the August 27, 2001 deadline. On September 10, 2001, appellants filed a response to the court's notice and order to show cause. Appellants filed their brief the next day. Appellee filed a reply to appellants' response on September 24, 2001.

## II. Bankruptcy Rules

The timely filing of briefs is governed by Bankruptcy Rule 8009(a) which provides in pertinent part:

*Briefs.* Unless the district court … by local rule or by order excuses the filing of briefs or specifics different time limits:

(1) the appellant shall serve and file his brief within fifteen days after entry of the appeal on the docket pursuant to Rule 8007.

District of Kansas Local Rule 83.8.10 supplements Rule 8009 and provides in pertinent part: "The time limits specified in Bankruptcy Rule 8009(a) for filing briefs shall apply in appeals to the District Court unless the court fixes different limits in a specific case on its own motion or the motion of a party in interest."

■ The failure to file a required pleading or brief in a timely manner may be a ground for dismissal of the appeal under Bankruptcy Rule 8001:

■ Failure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the district court … deems appropriate, which may include dismissal of the appeal.

As the rule indicates, the failure to file a timely brief is a nonjurisdictional procedural error. This court, faced with such an error, must choose the "appropriate" action.

## III. Discussion

■ The Tenth Circuit has not had occasion to deal with the issue presented here, the late filing of an appellate brief in the district court pursuant to Bankruptcy Rule 8009. Other circuits have been presented with the question, and the resulting case law provides a consensus that this court presumes the Tenth Circuit would adopt. The rule consistently applied in other circuits provides that the late filing of an appellate brief does not justify dismissal of a bankruptcy appeal unless there is a showing of bad faith, negligence, or indifference. *See, e.g., In re Scheri,* 51 F.3d 71, 74 (7th Cir.1995) (citing a multitude of cases applying this standard); *In re Creditors Service Corp.,* 145 F.3d 1330, 1998 WL 242341, *3 (6th Cir.1998) citing *In re Winner Corp.,* 632 F.2d 658, 660–61 (6th Cir.1980); *In re Futterman,* 2001 WL 282716 (S.D.N.Y. March 21, 2001) (citing *In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir.1987)). Dismissal has been found to be the appropriate sanction when the record indicates "a consistent pattern of dilatoriness or multiple failures to comply with deadlines." *In re Scheri,* 51 F.3d at 74 (listing cases where the court dismissed appeals because several filing deadlines were missed). This standard stems from the understanding that dismissal of an ap-

peal for failure to file a brief on time is a severe sanction. *See id.*

■ Here, appellants have delayed this action by missing this court's deadlines for filing. First, appellants applied for and received an extension of time for filing their appeal. Then appellants missed that deadline. Appellants' counsel alleged his address changed and he never received notification that the court granted his extension. The court took counsel at his word and found this to be a sufficient excuse and set a new deadline for appellants. Yet again appellants failed to meet this deadline. This time appellants' counsel has provided documentation that he was admitted to the emergency room and he alleges that he later underwent oral surgery. The court is mindful of the fact, however, that appellants have now twice missed this court's deadlines. Moreover, only after being confronted with two show cause orders by the court did they provide after-the-fact explanations for their actions. These explanations begin to ring less compelling as the occasions for making them proliferate.

Nonetheless, the court is constrained by the standard applied to a late filing of a bankruptcy appellate brief. While appellants' counsel's actions have been less than commendable, they do not rise to the level sufficient to be characterized as actions taken in bad faith. Appellants' counsel has provided explanations that, if true, are sufficient.[1] Appellee's primary evidence of bad faith on the part of appellants is their failure to file for an extension with the court when counsel for appellants should have known that he was not going to be able to meet the court's deadline.[2]

Failing to contact the court is irresponsible and discourteous but, although a close call, does not, in the opinion of the court, equate to bad faith. In sum, the court finds that appellants have provided the court with sufficient cause, if barely, why they were late in filing their brief and their appeal is permitted to go forward accordingly. Counsel should not expect the court to accept any further excuses at face value and should be prepared either to file any additional papers in this matter timely, or forfeit his right to do so at all.

IT IS THEREFORE ORDERED BY THE COURT THAT the appellants response (doc. # 14) to the court's notice and order to show cause (doc. # 13) does provide a sufficient explanation for the late filing of appellants' brief, and that appellee's motion for an extension of time (doc. # 17) is summarily granted. Appellee has until November 16, 2001 to file its brief and appellants have 10 days from the date of service of that brief to file their reply.

IT IS SO ORDERED.

---

1. It is also significant to the court that appellee does not allege, and the court does not find, that appellee has suffered any prejudice from appellants' delay in filing their brief.

2. Appellee also asserts that appellants' appeal should be dismissed because appellants did not file their brief on September 10 as they said that they would do in their response to this courts notice to show cause. Appellants filed the brief the next day. The court does not believe the one-day delay provides an adequate reason to dismiss the appeal. Although it does continue to reflect an astonishing lack of attention by counsel.