NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 23, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1370 | Appeal from the United States District Court for the Southern District of Illinois. |
| In the matter of: | |
| KIM DOWNS,<br>*Debtor-Appellant*. | No. 14-cv-1386-JPG |
| | J. Phil Gilbert,<br>*Judge*. |

## O R D E R

Kim Downs appealed to the district court after a bankruptcy judge dismissed her Chapter 13 case. She allowed the appeal to languish, however, and after multiple warnings the district court dismissed it for failure to prosecute. We affirm that decision.

This was not the first time that the district court had dismissed an appeal from Downs's Chapter 13 case for failure to prosecute. Soon after Downs filed her petition, her mortgage holder obtained relief from the automatic stay, *see* 11 U.S.C. § 362, which allowed a foreclosure action to proceed. Downs asked the bankruptcy judge to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

reconsider that ruling, and when the judge declined, Downs appealed to the district court. The district court docketed the appeal as case no. 14-cv-3-JPG but later dismissed it for failure to prosecute. Downs wanted us to review that dismissal, but we concluded that we lacked jurisdiction. *Downs v. Fed. Nat'l Mortg. Ass'n*, No. 15-1376 (7th Cir. Aug. 13, 2015).

Eventually the bankruptcy court dismissed the case after concluding that Downs could not formulate a workable Chapter 13 plan. Once more Downs appealed to the district court, but the clerk's office did not open a case because she had written "14-cv-3-JPG" on the notice of appeal. Not until nearly a year later, in December 2014, was this mistake noticed. The district court then docketed the appeal as case no. 14-cv-1386-JPG and noted that Downs still hadn't paid the filing fee or sought leave to proceed in forma pauperis. *See* 28 U.S.C. § 1930. The court also noted that Downs had not submitted a statement of issues or designated the items to be included in the appellate record. *See* FED. R. BANKR. P. 8009(a)(1)(A). The court gave Downs until January 21, 2015, to show cause why her appeal should not be dismissed for failure to prosecute and also warned that missing that deadline would itself be ground for dismissal.

Downs filed her response late, and she also failed to attest that it had been served properly. *See id.* R. 8011(b), (d). The district court struck the submission but gave Downs another two weeks to serve and refile it, again warning her that noncompliance could result in dismissal. When Downs resubmitted her response, she argued that she was not at fault for failing to designate the record on appeal because, she said, the bankruptcy court was responsible for transmitting the record electronically to the district court. *See id.* R. 8010(b). Downs also insisted that her other omissions should be excused because in the earlier appeal, no. 14-cv-3-JPG, she had applied for IFP and identified proposed issues in a status report.

The district court was not satisfied. The court first noted that Downs's certificate of service was still inadequate because it does not specify the date or method of service. *See id.* R. 8011(d)(1). Second, the district court explained that whether Downs had paid, or been excused from paying, the filing fee in case no. 14-cv-3-JPG was irrelevant to this second appeal. On the basis of those omissions, the court dismissed the appeal for failure to prosecute. *See id.* R. 8003(a)(2) (formerly FED. R. BANKR. P. 8001(a))**.** The court added that Downs's inaction mirrored shortcomings in her first appeal, including improper service, not designating the record on appeal, and failing to submit a statement of issues.

On appeal Downs essentially contends that she did her best to comply with the procedural rules and that her mistakes should be excused as minor. To the contrary, Downs did not remedy her omissions even after the district court had pointed them out and warned that inaction could lead to dismissal.

A district court has discretion to dismiss an appeal from the bankruptcy court if the appellant disregards procedural rules. *See In re Telesphere Commc'ns, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999); *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995). In deciding whether dismissal is appropriate, the district court should evaluate the circumstances, including whether the appellant's conduct prejudiced other parties, and whether the appellant had engaged in bad faith or a pattern of negligence, was given an opportunity to correct the problem, and was warned about the possibility of dismissal. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025–26 (7th Cir. 1995); *In re Bulic*, 997 F.2d 299, 301–03 (7th Cir. 1993); *In re Harris*, 464 F.3d 263, 269–74 (2d Cir. 2006); *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). Here, the district court took into account that Downs had been told what procedural steps had been skipped and what was necessary to remedy the omissions. The court gave her time to correct the shortcomings and warned that dismissal would follow if she disregarded the court's instructions. Rather than comply, Downs pointed to submissions in case no. 14-cv-3-JPG as justification for not heeding the district court's directives. Downs's pro se status did not exempt her from procedural requirements, *see McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996), and the district court did not abuse its discretion in dismissing her appeal for failure to prosecute.

AFFIRMED.